# Beitman *v.* Birmingham Paint & Glass Co.

## *Assumpsit.*

(Decided February 12, 1914.   64 South. 600.)

1. *Dismissal and Non-Suit; Controverted Question of Fact.*—Where the action was against B. and another, and it appeared at the close of plaintiff's evidence that defendants were not jointly liable, there was evidence tending to show that B. was the party liable, whereupon, plaintiff amended by striking the name of the other defendant, B. was not entitled to a discontinuance, although on the cross-examination of plaintiff's witnesses, evidence was adduced tending to support the claim of B. that the other defendant was liable, since plaintiff was not required to acept B.'s theory of the case, though supported by the tendencies of the evidence of some of plaintiff's own witnesses.

2. *Sales; Price; Persons Liable.*—If, through her husband, defendant promised without qualification to pay for certain materials and they were sold on her credit alone, although used by a contractor,

she was liable therefor without regard to the contract or whether she owed the contractor anything.

3. *Same; Instructions.*—Where the action was for the price of materials for building purposes, and there was evidence that they were sold to defendant either absolutely or to be paid for out of money due a contractor, a charge that if the materials were charged to and delivered to the contractor, to find for plaintiff even though her agent agreed to pay therefor, without hypothesizing plaintiff's reliance on the credit of the contractor, or on his credit plus the security afforded by the statute conferring the lien, was properly refused since the charging of the materials to the contractor though evidential, was not conclusive; the materials being required to be delivered to the contractor whatever the nature of the contract between plaintiff and defendant.

4. *Frauds; Statute of; Promise to Pay Money Owing to a Debtor; Consideration.*—While an agreement by defendant to pay plaintiff for materials with the proviso that her liability be limited to the amount due the contractor who had agreed to furnish all materials, was without consideration and voidable under the statute of frauds as defendant was still liable to the contractor who was still liable to plaintiff, yet where the contractor, although an outside party at the time subsequently came into the agreement, ratifying it by acting upon it, and accepted materials furnished by plaintiff knowing that they were procured by the negotiations between plaintiff and defendant, and receiving partial payment from defendant under instructions to apply them on plaintiff's bill, which he did, it was then as if he had consented in the beginning, and hence, the agreement was not obnoxious to the statute of frauds, being an agreement by defendant to pay her own debts in a particular way out of a particular fund; the debt due the contractor being merely the measure or limit of her liability.

5. *Evidence; Documentary; Private Writing.*—Where it was disputed whether building materials were sold to a defendant or to her contractor, a written statement by the superintendent of defendant purporting to state material parts of the contract between defendant and the contractor, that defendant's husband acted as her representative and that such husband was told by someone not to recognize notices of claims for labor and material, but to refer them to the superintendent, and containing reasons why this should be done, in statements of original figures on labor and material used in making up the contract, payments made on superintendent's orders, etc., was not admissible in an action for the price of material in the absence of testimony as to when it was made, or that it was prepared as a contemporary record of the transactions, it was supposed to evidence. that the superintendent knew its contents to be true, about the time it was made, or that he knew and recognized it as stating the facts truly at the time of the trial, since it consisted in part of mere opinions, and conclusion of the witness, as to facts provable by better evidence, and which were not binding upon defendant.

6. *Same; Admissions of Parties; Agents; Preliminary Proof.*—Where a written statement by the superintendent of defendant was offered as an admission by her, the party offering it had the burden to show that it was made within the scope of the superintendent's

[Beitman v. Birmingham Paint & Glass Co.]

authority and within the course of the particular transaction in which he was engaged on behalf of defendant; admissions or declarations by an agent being. admissible against the principal as part of the res gestæ of the transaction in which the agent is engaged for the principal.

7.· *Same*.—Where it did not appear that the written statement was made by defendant's superintendent in the course of the agent's employment, or that it was not made long after his employment terminated. it was not admissible against defendant.

8. *Same*.—Statements made to a defendant by her superintendent during the construction of a building as to the work and materials incorporated into the building were not admissible against her as admissions or declarations, unless she assented to their correctness.

9. *Trial; Province of Court and Jury; Credibility of Witness*.— Although the testimony of plaintiff's main witness involved contradictions not easily reconciled with any consistent theory of the facts, this was a matter for the determination of the jury, and not of the court.

10. *Charge of Court; Hypothesizing Facts*.—Where it appeared without dispute that the contractor afterwards came into the arrangement and acted upon it, though not originally a party thereto, a charge asserting that if defendant agreed that if plaintiff would furnish the materials sued for, she would pay therefor out of the moneys due a contractor, and if the material was so furnished, and there was a balance due the contractor, to find for plaintiff to the extent of the unpaid balance, was not erroneous, although it failed to hypothesize the contractor's consent. as the court might assume the existence of this fact, thus leaving the other essential elements hypothesized to the determination of the jury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by the Birmingham Paint & Glass Company against Mrs. Lula Beitman and another, as to whom the case was discontinued at the trial. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

The facts sufficiently appear from the opinion. The following are the charges referred to, as given at plaintiff's request: "(1) I charge you that, if you believe from the evidence that Mr. Beitman, acting for the defendant, agreed with plaintiff that they would furnish the material which is the basis for this suit, he would pay for same out of any money due the contractor, and that this material was so furnished and that there was a

balance due such contractor, then you must find for plaintiff to the extent of that unpaid balance not in excess of the amount here sued for." The following charge was refused defendant: "(6) The court charges the jury that, if they believe from the evidence that the material sued for in this suit was charged to J. G. Harris, and delivered to J. G. Harris, then they cannot find against the defendant, even though they believe from the evidence that Beitman or Weiss agreed to pay for same."

A. LEO OBERDORFER, for appellant. The court erred in admitting Richardson's evidence.—*B. R. L. & P. Co. v. Seaborn,* 53 South. 241. The court erred in admitting the testimony of plaintiff's witness Harris, as it was a novelty in the law of evidence.—*B. R. L. & P. Co. v. Seaborn, supra.* Under all the evidence there was no testimony making out a prima facie case against Lula Beitman, and the defense of the statute of frauds was pleaded and proven.—*Lord v. Calhoun,* 162 Ala. 444. The case was discontinued.—*Thompkins v. Smith,* 3 S. & P. 54; *Evans v. McDonald,* 142 Ala. 130; 45 Am. Dec. 110; 9 Cal. 328. The court erred in giving plaintiff's charge 1.—*Altman v. Fletcher,* 110 Ala. 452; *Bates v. B'ham P. & G. Co.,* 143 Ala. 198; *Byrd v. Hickman,* 159 Ala. 55; 24 N. W. 788; 39 South. 606. Counsel discusses other assignments, but without further citation of authority.

PERDUE & COX, for appellee. A witness may refresh his recollections by referring to a memorandum which he knows to be correct.—*Bondurant v. Bank,* 7 Ala. 830; *Snodgrass v. Caldwell,* 90 Ala. 323; Wigmore, sec. 579. The written statement made by defendant's agent was admissible.—*Ala. N. R. Co. v. Darby,* 119 Ala. 531;

*South v. State*, 86 Ala. 617; *Wright v. State*, 136 Ala. 145. There was no discontinuance.—*Hughes v. Albertville M. Co.*, 57 South. 98. The court properly gave the instructions requested by plaintiff.—*Woodruff v. Schaffe*, 183 Ala. 152; *Westmoreland v. Porter*, 75 Ala. 452; *Coleman v. Hatcher*, 77 Ala. 217; 20 Cyc. 160 et seq. Counsel discuss other assignments of error but without further citation of authority.

SAYRE, J.—Omitting any statement of other counts, which, on various considerations, were eliminated during the progress of the trial, plaintiff (appellee) sought in the beginning to recover on the common counts for the price of certain building materials, sash, doors, and hardware, furnished on the joint credit and account of defendant (appellant) and one Harris. When plaintiff had placed its entire evidence before the jury, it very clearly appeared that the materials had not been furnished on the joint account of defendant and Harris, but that they had been furnished on the sole credit of one or the other of them, or on the credit of Harris as principal debtor, with defendant as surety or guarantor. It also appeared, and this, too, without conflict, that, if defendant was not liable as principal, plaintiff could not recover as against her, because, on that hypothesis, her promises to pay was not in writing, and the statute of frauds had been pleaded. In this state of the case, plaintiff amended its complaint by striking the name of Harris as party defendant, thus electing to proceed against the defendant Mrs. Beitman alone, whereupon said remaining defendant moved for a discontinuance, and now assigns the court's adverse ruling for error. The court's ruling was correct. Defendant contended that Harris alone was liable, and had evidence to support that contention; indeed, the cross-ex-

amination of plaintiff's witnesses developed facts tending to support defendant's view. But, on the other hand, plaintiff's evidence tended also to support its contention that Mrs. Beitman alone was answerable for the materials it had furnished, as will presently appear in some detail, and, while in this state of the case plaintiff could not continue to prosecute as for a joint liability, it was not bound to accept Mrs. Beitman's theory of the case, though that theory found support in the testimony of witnesses offered by plaintiff, but had the right, on the appearance of conflicting tendencies, to take either horn of the dilemma in submitting its case to the jury, without incurring the penalty of a discontinuance in advance of the jury's finding. In such case the amendment must be regarded as the correction of the plaintiff's asserted cause of action, and, if plaintiff makes a mistake, continues his pursuit of a party not liable on the evidence as the jury shall finally determine its weight and credibility, such party defendant will find relief in the jury box under proper instruction from the court.—*Jones v. Englehardt,* 78 Ala. 505.

On due consideration, we are of opinion that the question of defendant's (appellant's) liability was one for decision by the jury. The issues made by the pleading and evidence were as follows: For plaintiff one contention was that defendant, acting through her husband, her general agent in that behalf, promised without qualification to pay for the materials in controversy, and that they were furnished on her sole credit. On that theory, defendant was answerable to plaintiff, without regard to the outcome of the contract between defendant and her general contractor Harris, without regard to whether defendant owed Harris a balance. There was evidence to sustain this view of the case, though it was confused, and the testimony of plaintiff's

main witness, the witness, in fact, upon whom its case depended in last analysis, involved contradictions it would perhaps be hard to reconcile with any consistent theory of the facts. But that was for the jury. As an alternative, appellee (plaintiff below) contends here, as it did on the trial, that the evidence warranted a finding that defendant agreed to pay plaintiff for the materials, with this proviso, however: That her liability was to be limited to the amount in her hands due to Harris, with whom at the time she had a contract, by the terms of which he was to furnish all the materials and do all the work necessary in the construction of her building, according to plans and specifications which had been provided. This theory of defendant's liability is presented as the equivalent of her promise to pay plaintiff for materials it might furnish to Harris out of money for which she would become liable to Harris, and has been so treated. It rests upon a part of the testimony of plaintiff's main witness who deposed, among other things, that, when he conferred with Beitman about the matter of furnishing the materials, Beitman said: "It would be all right for me (meaning plaintiff) to furnish the materials; that he, upon orders from Mr. Weiss (defendant's superintendent in charge of the building), would pay and deduct the amount from Harris' bill." This theory of the case, and the question whether the quoted testimony supported it, were of much importance, for the court gave a special charge on plaintiff's hypothesis, and the court's judgment concerning these questions had the effect also of admitting plaintiff's evidence which went to show that defendant was indebted to Harris in a large balance at one stage of the work, and also at the time of the trial, thus practically laying upon defendant the burden of adducing evidence to maintain the contention, which she made in

this emergency, that she owed Harris nothing, because she had been put to expense in completing. the work which Harris had left in a defective and incomplete condition, and had suffered other damage by reason of his failure to complete within the time prescribed by his contract. It is not at all difficult to see how the importation of these issues into the case, if the trial court erred at this point, was prejudicial to defendant. And so defendant urges that, in the absence of Harris' consent to this arrangement, it was not binding on Harris, and he (Harris), upon the completion of the building according to contract, as he claimed and testified was the case, would have been entitled to recover of defendant the entire agreed price of the building into which the materials entered, though she had paid plaintiff for them; the result being to render defendant's promise to plaintiff a nude pact, because no consideration moved to her, and voidable under the statute of frauds, because the materials were furnished to Harris, who remained liable to plaintiff. This is a correct construction of the arrangement as it was in its inception; for, without dispute, Harris took no part in the negotiation between plaintiff and defendant, nor did he at that time give his consent to the agreement presented by this aspect of plaintiff's case. But the fact is Harris subsequently came into the arrangement, and ratified it by acting upon it. He accepted plaintiff's materials, knowing that they had been procured by negotiation between plaintiff and defendant, and on two occasions received partial payments from defendant, with instructions to apply them in discharge of plaintiff's bill, and did apply them accordingly—at least the jury would have been authorized to find that he afterwards was informed of the arrangement, and agreed to and acted upon it. If, then, the jury found that the contract be-

tween the parties to this cause was in accord with that contention of plaintiff now under consideration, and that Harris afterwards gave his consent, it was then as if he had consented in the beginning, and the agreement so reached was not obnoxious to the statute of frauds. In that case defendant's promise was to pay her own debt in a particular way, out of a particular fund; the debt she owed Harris coming in incidentally as a mere measure of the liability she thereby assumed. —*Woodruff v. Scaife,* 83 Ala. 152, 3 South. 311; *Aultman v. Fletcher,* 110 Ala. 452, 18 South. 215; *Bates v. Birmingham Paint & Glass Co.,* 143 Ala. 198, 38 South. 845. So, then, this alternative insistence of plaintiff presented a proper issue in the case, and we think it had support in the evidence. For defendant, on the other hand, the contention was that neither she nor her agent had any negotiation or dealing with plaintiff, and had incurred no obligation to plaintiff of any character; that plaintiff's remedy, if any, was against Harris alone. She also contended that, if the testimony of plaintiff's main witness was to be accepted at all, it should be taken as proving that plaintiff looked to her merely as a guarantor or surety of the debt which it was assumed Harris would incur by accepting materials from plaintiff, and to the case thus made she pleaded the statute of frauds—a conclusive defense, in that view of the case. Without undertaking a statement of the evidence, we may say that we have found that these various contentions had support, and the solution of the questions raised was properly left to the jury.

Plaintiff was allowed, over defendant's objection, to put in evidence a written statement, which had been prepared by plaintiff's witness Weiss, and which purported to state material parts of the contract between defendant and Harris, and that Beitman had acted there-

in as the legal representative of defendant. It contained a statement that Beitman was told—by whom does not appear—not to recognize notices of claims for labor and material, that all such claims were to be referred to Weiss, and a statement of the general reasons, arising out of the nature of such contracts, why this should be done; a statement of the original figures on labor and materials used in making up the contract; of payments made on Weiss' orders to sub-contractors from time to time; of extras; of balances due; and, in short, a history of the transaction from beginning to end. Clearly it was a memorandum, in part, of the mere opinions and conclusions of the witness as to facts which ought to have been shown by better evidence, and as to which the witness' opinions and conclusions were not binding upon defendant, though he had superintended the construction of the building for her; and, in other part, it was a memorandum of facts which, for aught appearing, the witness might have been able to state without the aid of the writing. The sponsor for the statement did not say when it was made, though every indication is that it was not prepared as a contemporary record of the transactions it was supposed to evidence, but for the purpose of being used as it was used at the trial; nor did he say that, at or about that time, he knew the contents to be true; nor did he say that at the time of the trial he knew and recognized the memorandum as stating the facts truly.—*Acklen v. Hickman,* 63 Ala. 494, 35 Am. Rep. 54; *B. R. L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 241. It must be said, however, that it is not clear that plaintiff intended this statement to be used as a memorandum in aid of the witness' recollection and in connection with his testimony as to the facts under the rule of the cases supra. The argument now is that it amounted to an

admission by the defendant. Being made by a person other than the party to be charged, the burden was on proponent to show that it was the admission or declaration of an agent made within the scope of his authority, and in the course of the particular transaction in which he was engaged on behalf of his principal. Such admissions or declarations by an agent are admitted against his principal, on the ground that they are part of the res gestæ of the transaction in which the agent was engaged for his principal. "But declarations or admissions by an agent, of his own authority, and not accompanying the making of a contract, or the doing of an act, in behalf of his principal, nor made at the time he is engaged in the transaction to which they refer, are not binding upon his principal, not being part of the res gestæ, and are not admissible in evidence, but come within the general rule of law excluding hearsay evidence;" being no more than statements of past transactions by which the principal is not affected.—*Franklin Bank v. Pennsylvania Co.*, 11 Gill & J. (Md.) 28, 33 Am. Dec. 687, quoted at page 1278 of Wigmore on Evidence. We have many cases to this point.—4 Mayf. Dig. p. 549, § 568 et seq. In all its parts and for any purpose the statement was incompetent and illegal, and should have been rejected.

The writing prepared by the witness Weiss under the heading "Final orders issued as per agreement on notice given to hold or see their claims paid at the beginning of said contract," though it did not include some of the objectionable features of the statement considered above, was still incompetent and illegal, as being mere hearsay, nor was it brought within the rule governing the use of memoranda as laid down in *Acklen v. Hickman, supra.* It does not appear to have been made in the course of the agent's employment. For

aught appearing, it may have been made long after the agent's employment had terminated. And, moreover, while it was doubtless within the scope of the agency of defendant's superintendent to make statements of the kind, during the progress of the building, such statements were made to the principal and for her information and protection, were necessarily statements of things then past—that is, of work and materials already incorporated into the building—and were in no wise binding upon her as admissions or declarations, unless she in some way indicated her assent to their correctness. So far as concerns this so-called final statement, neither defendant nor her general agent are shown to have in any way admitted its correctness. It is, on the contrary, quite clear that they have all along denied its correctness, so far, at least, as it indicated an indebtedness to plaintiff. This statement also was mere hearsay, was properly objected to, and was erroneously admitted to the jury.

We think we have said enough concerning the questions of evidence raised upon this record. There are some others of the same general character, though of minor importance, and we take it they will not be again presented for review under identical conditions.

Charge 1, given at plaintiff's request, failed to make a complete statement of all the elements necessary to defendant's liability on the theory of the case there hypothesized. As we have seen, to make that theory good, it was necessary to show that Harris was a party to the arrangement, and of this fact the charge fails to take notice. But we will not say there was error here, because, as we read the record, it appeared without dispute that Harris, though not originally a party, afterwards came into the arrangement and acted it. Upon this interpretation of the evidence, the court was au-

thorized to assume the existence of the omitted fact (*Montgomery v. Wyche,* 169 Ala. 195, 53 South. 786), leaving the other essential elements of the case hypothesized in the charge to be determined by the jury.

Charges 3, 9, and 10 were substantially covered by other charges given to defendant.

Charge 6 was properly refused. In view of other evidence in the case, the fact that the materials were charged to Harris on defendant's book was evidential, but not conclusive, against the plaintiff. So of the fact of mere delivery to Harris. The materials must have been delivered to Harris in order that they be incorporated into the building, whatever the nature of the contract, if there was one, between plaintiff and defendant. If, however, they were delivered to Harris on his credit, or on his credit plus the security afforded by the statute conferring a lien on materialmen, and not upon the principal personal credit of defendant, plaintiff could not recover. But the charge did not so state the case, and was well denied to defendant.

The proposition of charge 12 had already been stated to the jury in proper terms on defendant's request.

For the errors indicated, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.