(91 South. 877)

**LACKLAND v. TURNER. (1 Div. 220.)**

(Supreme Court of Alabama. Dec. 22, 1921.)

**1. Frauds, statute of ⊙⊃159—Whether materials furnished on credit of building owner or contractor held for jury.**

Whether a materialman furnished materials for a building on the credit of the owner or of the contractor *held* for the jury.

**2. Frauds, statute of ⊙⊃23(3)—Promise to see that materialman got his money to be regarded as a promise to pay promisor's own debt.**

A promise to one furnishing material to a contractor to see that he got his money and to keep it out of the contract may be regarded as a promise to pay the promisor's own debt in a particular way, out of a particular fund, and not as a promise to pay the debt of the contractor, obnoxious to the statute.

**3. Frauds, statute of ⊙⊃152(2)—Statute waived unless specially pleaded.**

The statute is waived unless specially pleaded.

**4. Frauds, statute of ⊙⊃150(3)—May be pleaded by demurrer in equity when facts appear on face of pleading.**

In equity, when the facts constituting the defense of the statute appear on the face of the bill, such defense may be made by demurrer.

**5. Pleading ⊙⊃370—Cause may be tried on issues not formally made in pleadings.**

Parties may try their cause on issues not formally made in the pleadings.

**6. Appeal and error ⊙⊃197(1)—Parties trying cause on issues not formally pleaded may not shift ground in Supreme Court.**

Where the cause is tried on issues not formally made in the pleadings, the parties may not shift their ground in the Supreme Court.

**7. Appeal and error ⊙⊃173(6) — Statute of frauds cannot be pleaded for first time in Supreme Court though evidence below was material on such issue.**

In an action for the price of materials furnished for the construction of a building, where no question was made on the trial as to the statute of frauds, though evidence as to whether plaintiff extended credit to the owner or the contractor would have been relevant and material on such issue, as well as the general issue, had the statute been pleaded, such defense cannot be pleaded in the Supreme Court.

**8. Estoppel ⊙⊃110—Must be pleaded.**

Both in law and equity, an estoppel in pais must be pleaded, where there is an opportunity to plead.

**9. Estoppel ⊙⊃78(5) — Materialman held not estopped from asserting claim against owner's estate by accepting assignment of contractor's claim for benefit of lien creditors.**

One furnishing materials for the construction of a building was not estopped to recover the price thereof from the owner's estate by accepting an assignment of the contractor's claim against the owner or building for the benefit of lien creditors and the pro rata product of the assignment as a credit on his claim, even if such arrangement were not made at the executor's request on the express understanding that it should not prejudice such claim; all the parties having treated the building as their debtor.

**10. Estoppel ⊙⊃119 — Whether materialman was estopped to assert claim against owner's estate held for jury.**

Whether one furnishing materials for the construction of a building was estopped from asserting his claim for the price thereof against the executor of the owner's estate, by the facts that he charged the materials to and accepted a payment from the contractor, accepted an assignment of the latter's claim against the owner for the benefit of creditors, to whose liens he looked for compensation, and addressed his bid to the contractor after an agreement with the owner as to payment, *held* for the jury.

**11. Evidence ⊙⊃271(2) — Materialman's testimony as to refusal to accept assignment of contractor's claim against owner if it would affect his claim against latter held not incompetent as self-serving.**

In an action for the price of materials furnished for the construction of a building on the faith of the owner's promise to see that plaintiff got his money from the contractor, plaintiff's testimony that he told a meeting of lien creditors, for whose benefit he accepted an assignment of the contractor's claim against the owner, that he would not act as trustee thereunder if it would affect his claim against the owner, was not incompetent as self-serving.

**12. Husband and wife ⊙⊃138(2) — Testimony as to building owner's age and enfeebled condition held admissible in action for price of materials furnished on her husband's order.**

In an action for materials furnished for the construction of a building on the faith of the owner's promise, through her husband as

her authorized agent, to see that plaintiff got his money, the court did not err in permitting a question as to the owner's age; the answer, which tended to show she was old and feeble, shedding light on plaintiff's contention that her husband, who was young and vigorous, acted as her agent.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by F. C. Turner against Samuel H. Lackland, individually and as executor of the last will and testament of Almira Lackland. Judgment for plaintiff, and defendant appeals. Affirmed.

Smiths, Young, Leigh & Johnston, of Mobile, for appellant.

The alleged agreement was within the statute of frauds. Section 4289, subd. 3, Code 1907; 11 Ala. App. 471, 66 South. 911; ·37 Ala. 577; 100 Md. 125, 59 Atl. 180; 189 Ill. App. 474; 156 Pa. 217, 27 Atl. 20; 29 S. C. 9, 6 S. E. 850. Having entered into the agreement, plaintiff is estopped to deny that he was not a creditor of Raub, and under the evidence the defendant was entitled to the general charge. 10 Ala. 50; 4 Ala. 390; 29 Ala. 684, 68 Am. Dec. 101. It appears that at least some credit was extended to Raub, and hence defendant was entitled to the general charge. 127 Ala. 240, 28 South. 665; 87 Ala. 474, 6 South. 362; 37 Ala. 577.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

The undertaking of Lackland, as agent of his wife, did not fall within the statute of frauds. 143 Ala. 198, 38 South. 845; 185 Ala. 313, 64 South. 600; 11 Ala. App. 447, 66 South. 880; 201 Ala. 531, 78 South. 885. The statute of frauds must be pleaded. 110 Ala. 132, 20 South. 123; 127 Ala. 52, 28 South. 376; 185 Ala. 275, 64 South. 74; 203 Ala. 668, 85 South. 9. No estoppel is shown, and none is pleaded. 130 Ala. 269, 30 South. 564; 159 Ala. 655, 49 South. 71; 190 Ala. 675, 67 South. 420; 193 Ala. 94, 69 South. 436. There was no error in the introduction of evidence.

SAYRE, J. [1, 2] Turner recovered judgment against Lackland as executor of the last will and testament of his wife, Almira Martin Lackland, deceased, for the price of certain materials, sash, doors, and ´other "factory work," furnished to a building owned by deceased. The controlling issue was whether plaintiff had furnished his materials on the credit of Mrs. Lackland, since deceased, as he contended, or on the credit of Raub (or Raub & Co.), the contractor who was at the time engaged in constructing the building for Mrs. Lackland. As to this issue the evidence was in conflict, and the question at issue was one for jury decision. Plaintiff testified to facts from which the jury might have properly inferred that Lackland, who conducted the negotiation with plaintiff, was acting therein as the authorized agent of his wife; that he (plaintiff) informed Lackland, in effect, that Raub had no credit with him, but that, if Lackland would see that he got his money, he would deliver the materials; that Lackland said that he was going to see that Raub did not get away with him and that he would see that he (plaintiff) got his money; that he would keep it out of the contract he had with Raub. From plaintiff's testimony, stated above, the jury had a right to infer that he furnished the materials on Mrs. Lackland's credit; that the promise of deceased, made by and through her husband as her agent, was to pay her own debt in a particular way, out of a particular fund. Woodruff v. Scaife, 83 Ala. 152, 3 South. 311; Aultman v. Fletcher, 110 Ala. 452, 18 South. 215; Bates v. Birmingham Paint & Glass Co., 143 Ala. 198, 38 South. 845; Beitman v. Birmingham Paint & Glass Co., 185 Ala. 313, 64 South. 600.

[3-7] In the brief here defendant argues that the promise of defendant's testator was to pay the debt of Raub, a promise obnoxious to the statute of frauds. We have said enough, with citation of authorities, to dispose of this contention. In addition, it may be said that the statute was not pleaded, and that, in order for the statute to be made the basis of defense, it must be specially pleaded; otherwise it is waived. Ex parte Banks, 185 Ala. 275, 64 South. 74. Numerous cases might be cited to this point. A different rule prevails in equity when the facts constituting the defense appear on the face of the bill. In such case the defense may be made by demurrer. In this connection it may be noted that parties may try their causes upon issues not formally made in the pleadings, and in such case may not shift their ground in this court, and, further, that the evidence in this cause adduced to show that plaintiff did or did not extend credit to deceased and did or did not extend credit to Raub would have been relevant and material had the statute of frauds been pleaded; but it was relevant to the issue joined, the general issue, nor does there appear on the record a single circumstance going to show that the parties treated the case in the court below as if the statute of frauds were involved. Per contra, everything goes to show that no question was made about the statute of frauds.

[8, 9] Another question, subordinate to that considered above, had some attention in the trial court, and has been renewed here. Raub having failed to complete the building, plaintiff and another had accepted an assignment, virtually, of Raub's claim against the deceased, or her building, for the benefit of creditors holding liens against the property,

and afterwards had accepted a sum of money, the pro rata product of the assignment, as a credit on the claim here in suit. Defendant contends that these facts estopped plaintiff to maintain this action. In this state an estoppel in pais must be pleaded where there is an opportunity to plead. Jones v. Peebles, 130 Ala. 269, 30 South. 564. This rule obtains in law and equity, and our reports contain numerous cases on the subject. In other respects, also, this point in appellant's brief is in the same category with that made concerning the statute of frauds. Moreover, the testimony of plaintiff was that he only entered into the arrangement with the creditors of Raub at the request of defendant and on the express understanding that his so doing should not· be allowed to prejudice the claim now in suit. If the jury gave credit to plaintiff's testimony in this behalf, there was no estoppel. In effect, and without reference to plaintiff's alleged saving clause, by the arrangement mentioned all parties may be said to have treated the building as their debtor, and, if so, ·there was, of course, no waiver by plaintiff.

[10] The fact that plaintiff charged his materials on his books to "E. J. Raub & Co. for Lackland Job," accepted from Raub a payment to be credited on the account in suit, and went into the arrangement with others who were creditors of Raub and looking to their liens for compensation—and as well the terms of plaintiff's bid on the materials, addressed to Raub after the conclusion of the agreement between plaintiff and defendant—these circumstances, singly or in the aggregate, were not conclusive, but were for jury consideration.

The foregoing discussion relates to defendant's assignment of error in which he complains that the trial court refused his request for the general affirmative charge. The charge was properly refused, and the question at issue was properly submitted to the jury for decision.

[11, 12] Assignments based on two rulings on evidence have been considered without finding error. The suggestion that plaintiff's testimony, that he told the meeting of creditors that he would not act as trustee in the assignment if it would affect his claim with Mr. Lackland, was self-serving, is very clearly without merit. We have stated the effect of that statement, and proof of it was entirely competent. Nor was there error in permitting the question as to Mrs. Lackland's age. If she was old and feeble, as the answer tended to show she was, that was a fact shedding some light on plaintiff's contention that her husband, who was young and vigorous, in the negotiation for the supply of the materials furnished by plaintiff for use in her building was acting as her agent.

The case was properly submitted to the jury, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.