BUSINESS MEN'S ACC. ASS'N OF AMERICA v. ARRINGTON.    (No. 3467.)

Court of Civil Appeals of Texas. Texarkana. May 16, 1928.

Rehearing Denied May 31, 1928.

1. Insurance ☞539(1)—Notice of injury within 91 days was required, where health and accident policy, requiring notice within 20 days, extended limitations to minimum period allowed (Rev. St. 1925, art. 5546).

Where accident and health policy required notice of injury or sickness within 20 days and contained provision that, in case any limitation was less than that permitted by law of state, limitation was extended to agree with the minimum period permitted by the state law, policy was construed as requiring notice of injury within 91 days under Rev. St. 1925, art. 5546, which allows minimum 90-day period.

2. Insurance ☞365(1)—Insured was not entitled to sick benefits for sickness beginning less than 10 days after reinstatement of health policy.

Where insured's sickness began within 10 days after reinstatement of lapsed policy, insured was not entitled to recover sick benefits under accident and health policy which gave no protection until 10 days after reinstatement.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by J. E. Arrington against the Business Men's Accident Association of America. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

K. W. Denman, of Lufkin, for appellant.

C. W. Falvey and Tom F. Coleman, both of Lufkin, for appellee.

HODGES, J. The appellee sued the appellant to recover benefits claimed on a combination accident and health policy issued to him on April 1, 1920. By its terms the policy insured the holder against loss resulting from bodily injuries and from sickness. In his petition the appellee alleged that he was a practicing physician, and on October 14, 1920, he was accidentally injured; that as a result of that injury he was unable to practice his profession for more than a year thereafter. He also pleaded, in the alternative, that on the date above stated he became sick and was thereby prevented from following his usual occupation. Appellant answered by general and special exceptions and a general denial. It further pleaded specially that at the time of the plaintiff's sickness the policy had lapsed and the plaintiff was suspended; that the sickness, if any, was contracted within 10 days after the receipt of payment of the last assessment, and that according to the terms of the policy the defendant was not liable. It further pleaded that the plaintiff did not comply with the conditions of the policy, in that no notice of the injury was given and no affirmative proofs of loss were made in the manner and within the time required. The answer was sworn to. After overruling the general and special demurrers, the case was submitted to the court without a jury. The trial resulted in a judgment in favor of the plaintiff against the defendant for the sum of $2,800; being $50.00 a week for 52 weeks of total disability and $20 a week for 10 weeks of partial loss of time.

Upon the request for findings of fact and conclusions of law, the court filed the following:

### Findings of Fact.

"(1) That on April 1, 1920, the Business Men's Accident Association of America issued to plaintiff, J. E. Arrington, its accident and sick policy No. 1114473 for the consideration therein named, and upon the conditions therein stated, which said policy has been introduced in evidence, and reference is here made to the entire policy for all purposes.

"(2) That on the 14th day of October, A. D. 1920, plaintiff, while climbing a fence in Angelina county, Tex., sustained an injury, which was accidental in its result; that the said plaintiff voluntarily attempted to climb the fence in an ordinary way, and the result followed in a not unusual manner.

"(3) That at the time of said accident the accident benefits as contained in said policy were in force.

"(4) That no notice of said accident was given to the defendant as required by said policy, and the only proof of loss was filed with the company on March 3, 1921, being the proof of loss introduced in evidence, and a letter to the company and answers thereto as shown by Exhibit 8 of S. F.

"(5) That plaintiff was continuously and totally disabled as the result of said injury for a period of 52 weeks, from October 14, 1920, and partially disabled for a period of 10 weeks thereafter.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

### Conclusions of Law.

"That under the terms of said policy the defendant is liable to the plaintiff in the sum of $50 a week for a period of 52 weeks, aggregating $2,600, and defendant is further liable to plaintiff in the sum of $20 a week for a period of 10 weeks, aggregating $200, making a total liability of $2,800, and that the plaintiff is entitled to recover said sum of $2,800 of and from the defendant."

It appears from the above that the court based his judgment upon that provision of the policy which insured the appellee against accidental injuries. In this appeal it is contended that it conclusively appears from the evidence that the appellee failed to comply with the terms of the policy which required him to give notice of the accident, and for that reason he was not entitled to recover any benefits. The policy contains the following provisions relative to notice:

"Article XII. * * * 3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the association or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injuries thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance.

"4. Written notice of injury or of sickness on which claim may be based must be given to the association within twenty days after the date of the accident causing such injury, or within ten days after the commencement of disability from such sickness.

"5. Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the association, at Kansas City, Missouri, or to any authorized agent of the association, with particulars sufficient to identify the insured, shall be deemed to be notice to the association. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The policy contains this further provision:

"If any time limitation of this policy with reference to giving notice of claim or furnishing proof of loss is less than that permitted by the law of the state in which the insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law."

Still another clause of the policy provides that:

"Strict compliance on the part of the insured and the beneficiary with all the provisions of this policy is a condition precedent to recovery hereunder."

[1] The court found that the appellee failed to give notice of the accidental injury within the time prescribed by the policy. Evidently the judgment was based upon the conclusion that the provisions of the policy requiring notice were void under article 5546 of the Texas Revised Civil Statutes of 1925. If the policy should be construed as requiring notice of an injury to be given within 20 days after its occurrence when practicable, clearly that requirement would, under the statute, be void. However, it is expressly stipulated in the policy that, if such provision is contrary to the laws of the state where the insured resides at the time the policy is issued, then the limitation is extended to agree with the minimum period permitted by such law. Under the article of the statute above referred to, the full period of 90 days is the minimum; hence that period must be read into the contract. The injury occurred on October 14, 1920. No notice was given of its occurrence till after May 25, 1921. On March 3, 1921, appellee made out and transmitted on blanks furnished by the appellant a claim for sick benefits. In that application he stated that his illness began October 15, 1920, and his symptoms were pain and fever. In answer to the request to name the disease, he stated, "The doctors say tuberculosis." The attending physician's preliminary statement which accompanied the claim contained, among others, a question relative to the disease with which the applicant was suffering. The answer was, tuberculosis of the spine about the lower dorsal vertebræ, that his symptoms upon the first examination were pain in the back and right hip, and that within a week or two an abscess developed. It appears inferentially that the application for sick benefits was rejected, and thereafter this suit was filed claiming benefits under the accident feature of the policy. We are of the opinion that according to the terms of the policy the appellee was required to give notice within at least 91 days from the time the injury occurred. There does not appear any reason why he could not have given that notice within that time. No excuse is offered for failing to comply with that provision of the policy.

[2] It is claimed by appellee in his brief that, if he is not entitled to recover upon the accident feature of the policy, he is entitled to a judgment for sick benefits. The record shows that the premiums were to be paid quarterly. The last premium before the injury fell due on September 15, 1920. According to the terms of the policy, appellee was protected, even upon default in making that payment, until the last of that month. The record shows that the appellee did not pay the September premium until October 9 following. According to his testimony, his sickness began on October 15, within less than 10 days after he was reinstated. Hence, according to the terms of the policy, he was not entitled to recover sick benefits.

We conclude that the evidence was not sufficient to warrant the judgment rendered, and it is accordingly reversed, and the cause remanded for a new trial.