WASHINGTON NAT. INS. CO. v. COLEMAN—79 S. W. (2d) 46.

Middle Section.   August 8, 1934.

Petition for Certiorari denied by Supreme Court, February 23, 1935.

B. B. Gullett and O. W. Hughes, both of Nashville, for plaintiff in error.

R. L. McReynolds, of Clarksville, for defendant in error.

CROWNOVER, J.   This is an action by the beneficiary on an insurance policy.

Will Coleman, a colored man, of Clarksville, Tenn., on August 29, 1932, subscribed for a life and accident policy in the Washington National Insurance Company.   The policy provided for a natural death benefit of $100, one-half of that amount to be paid if insured should die before the policy had been in force for six months; for premium of $1.35 per month and $5 policy fee.

On August 29, 1932, he paid the $5 fee and $1.35 premium, and the insurance company made an entry on his receipt book that premium was paid to October 1, 1932.

On October 1, 1932, he paid no premium.

On November 15, 1932, he paid the company $4.05, which covered three monthly premiums.   The company entered on the receipt book receipt for premiums for October, November, and December, writing

on the book: "Accepted as per clauses 1 & 2 of Policy. O. T. McBride."

Clauses 1 and 2 of the policy are as follows:

"(1) If the Insured is disabled by injury or illness for more than thirty days, he or his representative shall, as a condition precedent to recovery hereunder, furnish the Company every thirty days with a report in writing from his attending physician or surgeon, fully stating the condition of the Insured and the probable duration of his disability.

"(2) A period of five (5) days' grace is allowed for the payment of any monthly installment or renewal premium, during which the Policy shall be maintained in full force and effect in accordance with its terms, but if the payment of any installment or renewal premium is not made within the grace period, the Policy will expire and neither the Insured nor the beneficiary shall be entitled to recover for any accidental injury sustained between the date of such expiration and 12:00 o'clock noon, standard time, of the date of such payment; or for any illness originating causing disability or death before the expiration of ten (10) days after the date of such renewal payment; failure to pay any renewal premium or installment thereof will void this Policy."

The policy contains another clause as follows:

"Reinstatement. 3. If default be made in the payment of the agreed premium for this Policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the Policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

Under clause No. 2, above set out, the policy expired or lapsed five days after October 1. The acceptance of this $4.05 on November 15 was a reinstatement of the policy and this amount paid the premiums from November 15, 1932, to February 15, 1933.

Coleman died January 8, 1933, while the policy was in force.

The beneficiary instituted this suit in a justice of the peace court, where judgment was entered in her favor for $50. On appeal to the circuit court, the case was tried by the judge without a jury, and judgment was rendered for the plaintiff for $50 principal and $2 interest.

The insurance company denied liability on the ground that the policy had lapsed on account of nonpayment of premium.

Motion for a new trial having been overruled, defendant appealed in error to this court and has assigned as error the court's failure to dismiss the plaintiff's action.

We are of the opinion that the court was correct in rendering judgment for the plaintiff. Under the terms of the policy, it expired

five days after October 1 on failure to pay premium for November. When the company accepted $4.05 on November 15, it reinstated the policy in accordance with the provisions of same. This was in effect a new contract (32 C. J., 1143), and it took effect on that date. Therefore the payment of $4.05 paid premiums from November 15, 1932, to February 15, 1933, and when Coleman died on January 8, 1933, the policy was in force.

It may be insisted that as the company's agent had entered on the premium receipt book payments of premium for October, November, and December, that this was a waiver of the provisions of the policy and operated as payment of premium for those three months only. But such contention is not tenable for the reason that there was no liability from the time the policy lapsed until it was reinstated. Clause 2 of the "Standard Provisions" of the policy is as follows. "2. No statement made by the applicant for insurance not included herein shall avoid the Policy or be used in any legal proceeding hereunder. No agent has authority to change this Policy or to waive any of its provisions. No change in this Policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed thereon."

The agent, O. T. McBride, made those entries on the receipt book merely as agent of the company and he did not endorse any waiver on the policy as provided in the policy. 32 C. J., 1064, 1065, section 141. Hence the assignments of errors must be overruled and the judgment of the lower court affirmed. A judgment will be entered in this court for $52 and interest from the entry of the judgment in favor of Anna Coleman and against the Washington National Insurance Company and the sureties on its appeal bond. The cost of the cause including the cost of the appeal is adjudged against the insurance company and the sureties on its appeal bond.

Faw, P. J., and DeWitt, J., concur.