H. M. Abercrombie and G. J. Prosch, both of Birmingham, for appellee.

16 So.2d 190

## WALKER v. WALKER.

### 6 Div. 189.

Supreme Court of Alabama.

Dec. 16, 1943.

Rehearing Denied Jan. 13, 1944.

GARDNER, Chief Justice.

The bill is one to quiet title to a certain five-acre tract of land situated at Fulton Springs in Jefferson County, Alabama, filed by Bessie Walker, in peaceable possession of the property, against Henry L. Walker. From a decree in favor of the complainant, the defendant prosecutes this appeal.

Both parties claim from a common source —one Sidney L. Walker, who had been the husband of complainant, and who was also the brother of the defendant. The property was deeded to Sidney Walker by his mother. Complainant and Sidney Walker resided upon the property as husband and wife. There were four children of the marriage, but only one son now re-

mains at the home place with the mother. In 1925, complainant, the wife, obtained a divorce from Sidney, the husband, and was awarded alimony in the sum of $60 per month. The alimony was paid from the time of the divorce until the year 1928, when the husband ceased to make payments. In 1932, he returned to his divorced wife, and they began living together as they did before the divorce was granted. At that time the husband was in arrears $2,500 in alimony.

They thus lived together until February 1940, when he informed complainant that he would again abandon her. The question then came up as to her support, and her testimony is to the effect (supported by that of her son) that it was agreed between them, in consideration of her release of any claim for the alimony in arrears, he would convey to her the tract of land here in dispute; and that in furtherance of this agreement he procured from his trunk the original deed from his mother to him conveying this property, and delivered it to her with that understanding; that she should remain in possession and occupy the property as her own. The husband then abandoned the premises, left the wife in exclusive possession, and she has made no subsequent demand for any alimony in arrears. She has since assessed the property for taxation in her own name, paid the taxes thereon, as well as a claim on the property for improvements on the roof.

In March, 1941, while in the State of Florida, he appears to have executed a deed to James Robert Smith, his sister's husband, purporting to convey the property here involved, and in June thereafter James Robert Smith and wife conveyed the same property to the defendant, Henry L. Walker. Defendant Walker lived on premises adjoining this property, and the Smiths lived only a block or two away.

It thus appears that the defendant claims the property by virtue of the legal title thus acquired, while the complainant's claim rests upon a perfect equity in the sale of the property to her for a valuable consideration and her continued exclusive adverse possession since that time. There was some sharp conflict in the testimony heard orally before the court. The chancellor accepted complainant's view of the case and reached the conclusion the defendant, as well as the Smiths, had sufficient notice of complainant's claim, or notice of facts to place them on inquiry, so as to preclude them from being protected as bona fide purchasers.

The evidence has been read with much care, and to discuss it in detail would extend this opinion to undue length and serve no useful purpose. So far as the law of the case is concerned, it is clear enough that the release of the alimony in arrears formed a sufficient consideration for the deed, and the consideration being thus paid, with the purchaser (complainant here) being placed in exclusive possession, sufficed to bring the case within the exception provided for in the Statute of Frauds, Subd. 5, Sec. 3, Title 20, Code of 1940. City Loan & Banking Co. v. Poole, 149 Ala. 164, 43 So. 13; Adams v. Adams, 235 Ala. 27, 176 So. 825. And we think complainant has met the burden of proof as established by the authorities cited by counsel for appellant. Pike v. Pettus, 71 Ala. 98; Brown v. Weaver, 113 Ala. 228, 20 So. 964; Formby v. Williams, 203 Ala. 14, 81 So. 682; Burt v. Moses, 211 Ala. 47, 99 So. 106.

Counsel for appellee insists that the case was tried upon this theory and upon this theory alone. There is no denial of this insistence, and, indeed, our study of the record, including the pleadings and the opinion of the chancellor, is persuasive of the correctness of this view. It is a well-settled rule that parties are restricted to the theory on which a cause is prosecuted or defended in the court below, and where both parties act upon a particular theory of the cause of action, they will not be permitted to depart therefrom when the case is brought up for appellate review. 3 C. J. 718; 4 C.J.S., Appeal and Error, § 241.

But here counsel for appellant presents an argument based solely upon an entirely different theory from that upon which the cause was tried in the court below. Counsel for appellant seeks to justify this upon the ground of a change of counsel. But, clearly enough, change of counsel cannot serve to justify the abandonment of a well-established principle of law concerning the trial of causes.

There is here intended no indication that a different result would follow a consideration of this new and different theory of the defense. The court is not called upon to consider such theory, in view of the fact it was never presented in the court below.

156

We find no error in the decree, and it is due to be affirmed.

Affirmed.

BOULDIN, FOSTER, and STAKELY, JJ., concur.