TATE, Judge.
This appeal is from lower court judgment awarding $480.50 to plaintiffs for timber owned by them, found to have been cut and removed by defendant Broom from a twenty-acre tract. Plaintiffs answered the appeal, requesting increase of the award.
In seeking reversal of this judgment, defendant Broom chiefly urges that the evi *737 dence does not preponderantly prove that Broom cut and removed the plaintiffs’ timber because: (1) plaintiffs produced no witness who actually saw Broom cut any of the timber in question; (2) allegedly, plaintiff had earlier sought recovery and been paid for cutting by a Mr. Jenkins of the same timber.
The witness, Peoples, owner of the 20-acre tract (who had sold the timber thereon to the Theisens’ predecessor in title), testified that in July, 1952, receiving information of timber operations on his land, he went and found Broom hauling some recently cut timber from his land. Peoples showed Broom the true line and informed him that the timber was for the Theisens, following which Broom desisted further operations. Peoples testified that no other crews were operating in the area at the time. Co-plaintiff Alvin Theisen went to the property immediately thereafter and found that 120 trees had been freshly cut and had been removed since he had seen the property 8 days before.
While defendant Broom denied cutting the trees in question (testifying that he had purchased said trees already cut from Messrs. Boyd and Herrington), we find this defense singularly unimpressive in view of the judicial admission in his answer that he had been engaged in cutting timber upon land “immediately adjacent to and adjoining” the Theisen property (Article 14 answer), and in view of his failure to call either Messrs. Boyd or Harrington or one, McCain, whom he testified had actually done the cutting as their employee. Broom does not deny he was hauling the freshly cut timber from the Theisen tract, although he alleges that he left most of it lying on the ground after being notified by Peoples that the timber belonged to the Theisens.
The testimony of co-plaintiff Thei-sen and the timber estimator, Talley, proves in our opinion without contradiction that the earlier Jenkins’ cutting (as to which Talley had made an estimate four months earlier, at which time there was no evidence of the Broom cutting) was in a different portion of the tract and also clearly distinguished as being an old cutting in comparison with the more recent fresh cutting.
Despite able argument by defendant’s counsel, in our opinion the District Court correctly held that plaintiffs proved by a preponderance of the evidence that their timber removed from the 20-acre tract was both cut and removed by Broom, the only person conducting operations at that time in the area and who admittedly was caught while removing some timber from plaintiffs’ tract.
The amount and value of plaintiffs’ timber shown to have been removed on the occasion of this cutting as found by the District Court in computing its award of $480.50 is supported by the record, who awarded stumpage value only on a finding that Broom was acting in good faith in cutting across the line.
Plaintiffs answered the appeal seeking an increase in the amount awarded on the premise that Broom was acting in bad faith when he cut and removed the plaintiffs’ timber, in which case the measure of damages is the manufactured price of the lumber, less the cost of manufacturing it (about $1,700 herein), rather than merely the stumpage value awarded to a trespasser in good faith.
Most cogent argument is offered in support of this higher award, based on the un-contradicted fact that shortly before Broom was found removing plaintiffs’ timber, he had attempted to purchase same; upon Broom’s failure to produce the witnesses from whom he had allegedly purchased timber in the immediate neighborhood; and upon the uncontradicted testimony that the line to the Theisen-Peoples tract was clearly marked by tree blazing.
We feel the case presents a very close question indeed as to whether Broom was acting in good or in bad faith. However, in view of Peoples’ testimony that the landowner to the north of him had earlier informed him that Broom had purchased the timber on a tract immediately north of Peoples-Theisen property; in view of Peo- *738 pies’ testimony that Broom was cutting timber within Peoples’ property but also outside of a (freshly cut) line incorrectly marking the boundary line of Peoples’ tract; and in view of the uncontradicted testimony by Broom that this incorrect line had been marked and shown to Broom by Broom’s vendor as the boundary line of the tract; we are not prepared to say that the judgment below is manifestly erroneous in holding that plaintiffs failed to prove by a preponderance of the evidence, not only that Broom cut the timber and removed the timber in question, but that he did so in bad faith.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed. Costs to be paid by defendant-appellant.
Affirmed.