104 So.2d 836

**INTER–OCEAN INSURANCE COMPANY**

v.

**Calvin C. BANKS.**

**6 Div. 213.**

Supreme Court of Alabama.

Aug. 28, 1958.

26

Rosenthal & Rosenthal, Birmingham, and Tweedy & Beech, Jasper, for appellant.

Bevill & Bevill, Jasper, for appellee.

LAWSON, Justice.

This is a suit by Calvin C. Banks against Inter-Ocean Insurance Company on an accident and health insurance policy. It was tried before the court without a jury. There was a judgment in favor of the plaintiff in the sum of $2,110. The defendant's motion for a new trial having been overruled, it has appealed to this court.

The assignments of error challenging the rulings of the court on the demurrer to the original complaint and the complaint as amended are without merit. Inter-Ocean Casualty Ins. Co. v. Anderson, 245 Ala. 534, 17 So.2d 766; American Bankers Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333; Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396; American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110. Cf. Gilliland v. Order of Railway Conductors of America, 216 Ala. 13, 112 So. 225; National Casualty Co. v. Thompson, 38 Ala.App. 338,

84 So.2d 363, certiorari denied, 264 Ala. 1, 84 So.2d 364.

At the outset of the trial in the court below, counsel for both parties stipulated that the only question for the court to determine was whether the insurance policy sued on was in force and effect on the day the plaintiff was accidentally injured. The trial was so conducted. Implicit in the judgment in favor of the plaintiff is the finding that the policy was in effect on that day. The correctness of that finding is the only question for our decision, for it is a well-settled rule that parties are restricted to the theory on which a cause is prosecuted or defended in the court below. Where both parties adopt a particular theory they will not be permitted to depart therefrom when the case is brought up for appellate review. Walker v. Walker, 245 Ala. 154, 16 So.2d 190; National Supply Co. v. Southern Creamery Co., 224 Ala. 507, 140 So. 590, and cases cited; Lackland v. Turner, 207 Ala. 73, 91 So. 877. Change of counsel does not change the rule. Walker v. Walker, supra.

The contract sued on is not a continuing contract of insurance, but a monthly term policy wherein it is provided that renewal premiums are due in advance on the first day of each renewal period, but the insured shall have a grace period of ten days in which to pay the monthly premium of $4.

The accidental injury for which plaintiff seeks to be compensated occurred on June 15, 1956. No premium had been paid on the policy since April 8, 1956, so it was in default on the day of the accident unless there had been a waiver of premium by the defendant. A monthly premium was paid to defendant's district agent on June 16, 1956, the day after the accident.

It is contended for plaintiff that the defendant insurance company waived all grounds of forfeiture in this case, and several grounds are urged in support of this contention: *First,* it is claimed that it was the custom of the insurance company to send a "lapse notice" to its policyholders

when premium payments had not been made timely and that no such notice reached the plaintiff until after his accident; *second,* that it was the custom of defendant's agent to come to the place of business of plaintiff's employer each month to collect the premium, but that he failed to do so in June, 1956; *third,* that it was the custom of defendant to accept past-due premiums without any question and that the acceptance of the premium on the day after the accident by defendant's collecting agent was sufficient to waive any past-due premiums for the month of June, 1956, although the collecting agent accepted the premium without knowledge that plaintiff had been injured; *fourth,* that the defendant company not only received and retained the premium paid on June 16, 1956, but continued to receive and retain premiums on the policy in question to September, 1956, when payments were discontinued.

■ We have held that if an insurance company, by its habits of business, creates in the mind of a policyholder the belief that payment may be delayed until demanded, or otherwise waives the right to demand a forfeiture, this is binding on the company, notwithstanding there may not have been a compliance with the express letter of the policy. Home Protection of North Alabama v. Avery, 85 Ala. 348, 5 So. 143. Such is the general rule. 45 C.J.S. Insurance § 712; 29 Am.Jur., Insurance, § 860; 3 Couch on Insurance, § 681. But that principle has no application unless the custom or usage was one of which the insured had knowledge and upon which he relied. Bosworth v. Western Mut. Aid Soc., 75 Iowa 582, 39 N.W. 903; 3 Couch on Insurance, § 681a.

■ Testimony was offered tending to show that it was the custom of the defendant at the end of each month to notify its policyholders who had not paid their premiums that their policies had lapsed. The evidence also tends to show that no such notice was received by plaintiff until long after his accident. But there is nothing in this record which even remotely suggests that plaintiff or his employer knew of the defendant's practice in that respect. Certain it is that the evidence in this case does not support a finding that plaintiff's failure to pay his premium prior to the accident resulted from the fact that he had not been notified that his policy was in default. We hold, therefore, that there is no merit in the first ground on which plaintiff bases his claim of waiver of forfeiture by the defendant.

■ There is authority for the proposition that when the insurer's agent regularly calls upon the insured for payment of premiums, the insured is within his rights to act upon the custom thus established. He is not required to make such payments otherwise unless prior notice is given him of the intention to abandon the custom. Riley v. Life & Casualty Ins. Co. of Tennessee, 184 S.C. 383, 192 S.E. 394; Lewis v. Louisiana Industrial Life Ins. Co., La.App., 4 So.2d 755; Hebert v. Woodruff's Ins. Co., La. App., 19 So.2d 290; 3 Couch on Insurance, § 681.

The policy in question was effective in August of 1955 and the premium for that month, together with the policy fee, was apparently paid in advance by the plaintiff's employer at his mine located ten or twelve miles from Winfield. Premiums through the month of April, 1956, were also paid by the employer at his mine to defendant's agent, Aldridge, who went there for the purpose of collecting on the policy in question and similar policies carried by the employer on himself and on other employees. The evidence shows without dispute that Aldridge went to the employer's mine on May 14, 1956, carrying with him a list of the persons for whom the employer had paid premiums in the preceding month. Aldridge was advised by plaintiff's employer, Kelley, that plaintiff was no longer working for him and he refused to make the payment then due on plaintiff's policy. Plaintiff had never made a premium payment and apparently had no contact with defendant's agent, Aldridge. Plaintiff's name does appear on the application for

the insurance and according to his employer one-half of the premium payments which he made on the policy insuring plaintiff came out of the latter's salary.

The employer testified that Aldridge did not come to the mine in June, 1956, as had been his custom. For the purposes of this appeal we must accept that statement as true, although the evidence on that point is in sharp conflict.

■ But Aldridge's failure to come to the mine in June of 1956 prior to the accident cannot be said to be a waiver of the forfeiture which occurred in May, 1956, when the employer expressly refused to pay the premium due on plaintiff's policy as he had always done, although he paid premiums on his policy and those of two other employees. Plaintiff's name was thereupon stricken from the list of employees whose premiums were to be paid by the employer in June, 1956. Under these circumstances the failure of defendant's agent to call at the mine in June of 1956, as had been his practice, does not operate as a waiver of defendant's right to defend on the forfeiture which had occurred on May 14, 1956, or shortly thereafter.

The acceptance of a $4 premium on June 16, 1956, by defendant's agent did not constitute a waiver of any past-due payment. There is very little in this record to justify a finding that the course of dealing with plaintiff's employer and the insurer with reference to the accepting of overdue payments amounted to a custom or habit. As we understand the record, there is only one instance where it may be contended that the defendant's agent accepted overdue payments on any of the policies on which the employer paid the premiums. In May, 1956, he paid on the 14th. If that payment was overdue at all, it was only three or four days and on that occasion plaintiff's policy was not involved.

■ But in any event, the acceptance of premiums after injury, the nonpayment of which worked a forfeiture, does not of itself waive the delinquency, if the insurer had no knowledge of such injury, since in such a case it would not have been an intentional relinquishment. 29 Am.Jur., § 861; 3 Couch on Insurance, § 691; Farrell v. National Accident and Health Ins. Co., 134 N.J.L. 254, 47 A.2d 1, 167 A.L.R. 329. It is without dispute in the evidence that although plaintiff's employer made a trip from his mine to the insurance agent's office in Winfield on June 16, 1956, after plaintiff had been injured, to pay premiums he did not advise the agent of plaintiff's injury until several days later.

The plaintiff contends that the acceptance of the premium by defendant's agent on June 16, 1956, did not create a new contract, but reinstated the original policy as of June 1, 1956; hence the defendant is liable even though its agent was not advised when he accepted the premium on June 16 that the plaintiff had sustained a serious accidental injury on the preceding day.

■ A conflict exists among the authorities as to whether the reinstatement, renewal or revival of an insurance policy constitutes a new contract, or is merely a continuance of the old contract. This court has referred to or applied the latter view in several cases. National Life & Accident Ins. Co. v. McGhee, 238 Ala. 471, 191 So. 884; Sovereign Camp, W. O. W., v. Adams, 204 Ala. 667, 86 So.2d 737; Mutual Life Ins. Co. v. Lovejoy, 203 Ala. 452, 83 So. 591. But in so far as our research discloses, we have never applied that rule so as to give the insured coverage under an accident and health policy where the acceptance of the premium did not amount to a waiver of default and the policy contained the following standard provision found in the policy in question:

"If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained, and for sickness as may begin more than ten

days after the date of such acceptance."

At best, from plaintiff's standpoint, the acceptance of the overdue premium on June 16, 1956, either extended his coverage from that date to July 16, 1956, or its receipt and acceptance by the defendant was a privilege granted to him of continuing the policy in force, minus the coverage from June 1 to June 16, without the necessity of an application for a new policy and its attendant risk of his being refused future coverage. If the latter view be the effect of the June 16 payment, under the terms of the policy the plaintiff was given no coverage for accidental injury sustained while the policy was in default. If the former view was adopted, obviously there would be no liability on the part of defendant for accidents occurring before June 16.

Our research discloses that in regard to health and accident policies the prevailing rule seems to be that the acceptance of overdue premiums after a default for non-payment entitles the insured to future coverage only where the policy contains the standard provision set out above. Farrell v. National Accident and Health Insurance Company, supra; MacDonald v. Metropolitan Life Insurance Company, 304 Pa. 213, 155 A. 491, 77 A.L.R. 353; Donaldson v. National Life & Accident Ins. Co., Tex. Civ.App., 53 S.W.2d 136; Jones v. Preferred Accident Ins. Co., 232 Wis. 102, 286 N.W. 598; Matthews v. Travelers' Ins. Co., 73 Or. 278, 144 P. 85; Kesler v. Commercial Casualty Ins. Co., 39 Ga.App. 197, 146 S.E. 506; Fallis v. Massachusetts Bonding & Ins. Co., 210 Mo.App. 579, 243 S.W. 217; Allen v. National Accident & Health Ins. Co., 215 N.C. 70, 1 S.E.2d 94; Lale v. Business Men's Assur. Co. of America, Mo.App., 275 S.W. 962; Washington Nat. Ins. Co. v. Coleman, 18 Tenn.App. 438, 79 S.W.2d 46; Jennings v. Travelers' Equitable Ins. Co., 173 Minn. 547, 218 N.W. 104; Mutual Benefit Health & Accident Ass'n v. Kennedy, 5 Cir., 140 F.2d 24;

Hiatt v. Union Mut. Casualty Co., 208 Iowa 974, 224 N.W. 53; Business Men's Acc. Ass'n of America v. Arrington, Tex. Civ.App., 7 S.W.2d 157; Taylor v. Mutual Ben. Health & Accident Ass'n, 8 Cir., 133 F.2d 279; American Ins. Co. of Texas v. Estes, Tex.Civ.App., 141 S.W.2d 459; Leon v. Mutual Ben. Health & Accident Ass'n, 323 Ill.App. 203, 55 N.E.2d 557; Freedman v. Mutual Ben. Health & Accident Ass'n, Mo.App., 119 S.W.2d 1017; Denton v. Provident Life & Accident Ins. Co., 238 Ky. 26, 36 S.W.2d 657; Beinhoff v. North American Accident Insurance Co., 153 Minn. 241, 190 N.W. 63; Lindley v. Aetna Life Ins. Co., 209 N.C. 116, 182 S.E. 712.

We are unable to see how the acceptance of premiums on June 16, 1956, and in the months of August and September could be said to have been a waiver of forfeiture. As shown heretofore, the policy involved is a term policy and upon reinstatement plaintiff, if he so desired, was entitled to protection for such periods of time in the future as he was willing to pay premiums, subject to the express provisions of the policy not waived.

It is, of course, regrettable that plaintiff was not covered by the policy at the time of his injury, but that is a matter over which he and his employer had control. We must take contracts of insurance just as they were agreed to by the parties. We have no authority to do anything other than to give them effect according to their plain and unequivocal language.

In view of the foregoing, we are constrained to the conclusion that the policy sued on was not in force and effect on the date of plaintiff's injury and that the trial court, therefore, erred in rendering a judgment in his favor. The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.