## William H. Stoelker

### v.

## The Chicago Building Supply Company.

*Statute of Frauds—Instructions.*

In an action to recover for certain building materials, furnished to a contractor upon the promise of the defendant, the owner of the building in which said materials were to be used, to withhold from the contractor sufficient money to pay therefor, it is *held:* That the law was correctly stated in the instructions; and that an instruction to the effect that if the jury find from the evidence that the agreement "was a mere guaranty to answer for the debt of another *previously incurred,* such a guaranty is a collateral contract, and within the Statute of Frauds," was not rendered erroneous by the insertion of the words in italics.

[Opinion filed July 13, 1887.]

In error to the Superior Court of Cook County; the Hon. Rollin S. Williamson, Judge, presiding.

Messrs. George C. Buell and William B. Bradford, for plaintiff in error.

Mr. Arnold Tripp, for defendant in error.

*Per Curiam.* This action was brought in the court below to recover for certain materials delivered for the building of plaintiff in error. The evidence tended clearly to establish that defendant in error had refused to deliver the material to certain carpenters who were erecting a house for plaintiff in error; that therefore all the parties met together, and plaintiff in error, with the assent of the carpenter contractors, agreed with defendant in error that it would furnish the material if he, plaintiff in error, would retain from the contractor sufficient money to pay for it, and would pay it to defendant in error. The materials were furnished on such agreement, and plaintiff in error did retain from the contractor, and has in

his hands sufficient money to discharge the amount due to the defendant in error. The claim is made that the contract was, in effect, one to pay the debt of another, and that it was within the Statute of Frauds. The law was correctly given to the jury in the instructions. Some criticism is made of a modification by the court of one of the instructions requested by plaintiff in error. We are not prepared to say that the instruction, as given, was erroneous. It certainly did not tend to mislead the jury under the facts in this record. The principle of law stated in the instructions is correct, and the verbal criticism hypercritical. There is no error which will authorize a reversal, and the judgment will therefore be affirmed.

*Judgment affirmed.*