# Bates *v.* Birmingham Paint & Glass Company.

*Action on Common Counts.*

1. *Statute of frauds.*—A promise made by the defendant to induce the plaintiff to sell goods to a third person is an original promise, and is not within the purview of the statute of frauds requiring "*Every special promise to answer for the debt, default or miscarriage of another,*" to be in writing.

2. *Contract; subrogation.*—Where a merchant, under an agreement with the owner and contractor, advances materials to the latter to be used on the building of the owner, and the owner promises to reserve and pay, out of the contract price, for the materials furnished, and the contractor fails to carry out the contract, even though wrongfully, the merchant may recover from the owner the balance due the contractor on a *quantum meruit*, not exceeding his own claim.

APPEAL from the City Court of Birmingham.
Tried before the Hon. WM. W. WILKERSON.

[Bates v. Birmingham Paint & Glass Company.]

The assignment of errors by appellant (defendant in court below) is based on the refusal of the court to give charges numbered 1, 2, 3 and 4. Charge 1 was the affirmative charge in favor of defendant. Charge 2 was the statute of frauds. Charge 3 was as follows: "I charge you, gentlemen of the jury, that if you believe from the evidence in this cause that the plaintiff extended any credit to anyone else than the defendant, then you cannot find against the defendant in this action." Charge 4: "If the jury believe from the evidence that plaintiff sold the paints and oils to R. J. Hogan, and that this defendant has never agreed to pay same, then the jury must find for defendant." The facts sufficiently appear in the opinion.

JOHN H. MILLER, for appellant.

CABANISS & WEAKLEY, contra.

McCLELLAN, C. J.—There was evidence adduced on the trial tending to show that I. B. Bates, the husband of the defendant, Mrs. Marie A. Bates, was her agent in respect of having her house painted, and that as such agent he made the contract with Hogan for the work and material, and agreed with the plaintiff to retain out of the money he was to pay Hogan enough to pay plaintiff's bill for paints and oil sold to Hogan and used in the work, and that when Hogan completed the work according to the contract he would pay plaintiff's said bill.

Hogan assented to this arrangement and, as the evidence further goes to show, a part of the contract price was withheld from him for the purpose of carrying it out. The work was never completed by Hogan according to the contract, but nearly so, when it was delayed by Bates on account of his wife's absence, and after that Hogan became ill, and the plaintiff then sent competent men there to complete the work, but Bates would not allow them to do so. There was also evidence tending to show that the work remaining undone was of the value of not exceeding ten dollars, the contract price being two hundred and twenty-five dollars, of which only one

hundred and thirty dollars was paid by the said Bates to Hogan, leaving a balance of ninety-five dollars to be due on completion of the contract, and eighty-five dollars due, the contract never having been fully executed, on a *quantum meruit.* Such are the tendencies of the evidence for the plaintiff. If this evidence was believed by the jury they had a right, indeed it was their duty, to find that Mrs. Bates promised the plaintiff with the assent of Hogan to pay eighty-five dollars, of the price she was to give Hogan, to the plaintiff upon completion of the contract. This was not in the sense of the statute of frauds an undertaking by her to pay Hogan's debt to plaintiff, but was an undertaking to pay her own debt to Hogan on completion of the contract in a particular way, *i. e.,* to the plaintiff for Hogan. Her plea of the statute of frauds, therefore, was not made out. Had Hogan completed the contract, the defendant would unquestionably have been liable to the plaintiff for the amount of its bill upon a count for money had and received. Had Hogan been wrongfully prevented by the defendant from completing the contract, he would have been entitled to recover the contract price less the reasonable cost to him which the completion of the work would have entailed; and the plaintiff would have stood in his shoes in this respect under Mrs. Bates' agreement. But he did not complete it, and we may assume that his failure so to do was his own fault. Did the plaintiff have a right to finish the work, and did defendant's refusal to allow plaintiff to complete it leave her under the same liability to plaintiff as she would have been to Hogan had she without cause prevented his completing it? Under all the circumstances, we are constrained to hold that the plaintiff had the right to finish the performance of Hogan's contract, and that, not being allowed to do so by the defendant, she is liable to the plaintiff as she would, in like contingency, have been to Hogan. Time was not of the essence of the contract; and if it had been, it does not appear but that plaintiff's offer and effort to go on with work were seasonably made. Nor was the completion of the contract by the hands of Hogan or his employes so of its essence as to exclude its completion by the plaintiff, in view of its interest in the matter

under the arrangement for a part of the price to be paid to it. The plaintiff had a direct interest in the completion of the contract, an interest conferred upon it by the defendant. It was competent to complete the work and tendered the services of competent men to that end. The defendant's interest would have been as fully subserved by the work of these men as by the work of Hogan or his employes. The defendant contracted for the painting of her house. The essence of this contract was that the house should be properly painted for a stipulated price. She then interested the plaintiff in this contract by undertaking to pay him a certain part of the price, if and when the house should be properly painted. It was of no consequence to her whether the work was completed by Hogan, or the plaintiff. She voluntarily made it of consequence to the plaintiff that the work should be completed, and thus, in our opinion, invested plaintiff with the right to complete it. Having prevented the exercise of this right by the plaintiff, she is liable to the plaintiff, we repeat, just as if the work had been completed by Hogan, up to the sum withheld from Hogan and, of course, not exceeding plaintiff's account, on the count for money had and received to plaintiff's use.

Charges 1, 2 and 3 requested by defendant are bad under the foregoing views.

Charge 4 was in substance given to the jury in one or more other instructions asked by the defendant.

The court on the motion for a new trial ruled that the tendencies of the evidence to which we have adverted were of sufficient probative force to support the verdict of the jury. We are not prepared to affirm that the court erred in this: it does not appear to us that the verdict was plainly and palpably against the weight of the evidence.

The verdict was not excessive, even if it be assumed that the sum retained by defendant was only seventy-five dollars, instead of ninety-five, as one aspect of the evidence goes to show it was.

Affirmed.

HARALSON, DOWDELL and DENSON, J.J., concurring.