BROWN *v.* MORROW.

Opinion delivered June 19, 1916.

CONTRACTS—PROMISE TO PAY DEBT DUE BY ANOTHER—VALUABLE CONSIDERATION FOR—ORIGINAL PROMISE.—One H. was under contract to do certain work for B., and in payment of certain sums due by him to one M., H. gave M. orders on B. B. represented to M. that he had money with which to pay him, and promised to do so provided M. would pursuade H. to complete his contract and would not sue H. and garnish B. This M. did. *Held,* M.'s promise to B. was of direct benefit to B., and was a sufficient consideration to support B.'s promise to pay H.'s debt to M., and that the promise was original and enforcible.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney.* Judge; affirmed.

*G. B. Oliver,* for appellant.

A verdict should have been directed for defendant. The alleged contract or agreement is clearly within the statute of frauds. The court was of the opinion that what Brown said to him about suing Halford was sufficient consideration moving to Brown to bind him to pay Halford's debt, but this is not the law. 20 Cyc. 192 (3) and cases cited.

*L. Hunter,* for appellee.

This was not a collateral undertaking on the part of appellant, but an original one. 37 Ark. 286; 64 *Id.* 462; 76 *Id.* 292; 89 *Id.* 321. It is not within the statute of frauds. 2 Elliott on Contracts, 1233; 96 Ark. 46; 37 Vt. 391; 22 L. R. A. (N. S.) 1077 and note; 2 Ell. on Cont. 1228.

HART, J. M. V. Morrow sued W. R. Brown before a justice of the peace, to recover $198.62 alleged to be due for clearing the right-of-way and cutting and piling wood on the right-of-way in a drainage district. Morrow recovered judgment in the justice court and Brown appealed to the circuit court. There the jury returned a verdict in favor of Morrow for the amount sued for and Brown has appealed to this court.

The only assignment of error relied upon for a reversal of the judgment is that the court erred in refusing to direct a verdict for the defendant Brown. The facts are substantially as follows: The defendant Brown entered into a contract with a drainage district for constructing three lateral ditches. Brown then entered into a contract with George Halford to clear the right-of-way and cut and pile the wood on the right-of-way. He agreed to pay him $15 an acre for clearing the right-of-way, and $1.50 per cord for the wood cut and placed in piles. The plaintiff, Morrow, had a storehouse near by and paid off the men working for Halford and also sold them supplies. Halford would pay Morrow by giving him orders on Brown for amounts due him under his contract.

On the 1st day of September, 1914, Morrow presented to Brown an order given him by Halford. Brown paid Morrow $71.95 and that left a balance of $198.62. Brown told Morrow that he was holding back 10 per cent. of the monthly estimates and that when Halford finished work there would be more than enough to pay the claim and that he would pay it then. Subsequently, Morrow told Brown that he was going to sue Halford and have a writ of garnishment issued against Brown. Brown told Morrow not to do that, that Halford had been after him for some money, and that he had told him that he would not pay him any more until he completed the right-of-way and Morrow's debt was paid. Brown told Morrow that 10 per cent. of the monthly estimates were being held back and that if Morrow would use his influence with Mr. Halford to get him to complete his contract, that he would pay him when Halford finished his work. This conversation occurred September 20, 1914. Under this state of facts, it is contended by counsel for Brown that his promise to pay Morrow was a collateral agreement to answer for the debt of Halford, and was therefore within the statute of frauds. On the other hand, it is contended that the promise of Brown was an original promise and that the testimony was sufficient to warrant the verdict of the jury. In determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded; and in determining such intention the words of the promise, the situation of the parties, and all of the conditions attending the transaction, should be taken into consideration. *Millsaps* v. *Nixon*, 102 Ark. 435. In the application of this rule, in *Robinson & Son Contracting Co.* v. *Twin City Bank*, 103 Ark. 219, the court held that a verbal promise by a principal contractor that he would reimburse a certain bank for money advanced to a subcontractor upon time checks issued by the subcontractor in completing the contract work is not within the statute of frauds. The reason given was that the principal contractor was the benefi-

ciary of the work done by the subcontractor, received pay for it, and in turn was liable to the subcontractor for the work done by him.

The principal contractor knew that the subcontractor could not do the work unless certain advances were made to him and knew that the bank made the advances with the expectation that such advances would be paid out of the money due the subcontractor by the principal contractor. The reasoning of the court in that case is directly applicable to the facts of this case. Brown represented to Morrow that he had money in his hands which would belong to Halford when there was a final settlement made with him and that he would pay Morrow if the latter would refrain from suing Halford and garnishing him (Brown) and would also use his influence with Halford to get him to complete his contract. Morrow agreed to this, and charged the account to Brown. The promise thus made by Morrow, at the request of Brown, was of direct benefit to the latter and was a sufficient consideration to support the promise of Brown to pay the debt of Halford and make the promise an original one.

Hence, the court did not err in refusing to direct a verdict for the defendant. No objection was made to the instructions given by the court, and, we think, in the application of the rule above stated, the jury was warranted in returning a verdict for the plaintiff. It is true, the testimony of the witnesses for the plaintiff was contradicted by the testimony of the defendant, but this conflict in the testimony was settled against the defendant, and there being evidence of a substantial character tending to support the verdict, the judgment will be affirmed.