HINSON *v.* GILLESPIE.

Opinion delivered December 3, 1917.

CONTRACTS—FOR BENEFIT OF THIRD PARTY—STATUTE OF FRAUDS.—Appellant rented her farm to appellee, and appellee rented his farm to appellant's son. The testimony was conflicting as to whether appellant agreed to remit the rent due her in consideration that appellee furnish her son in an amount equal to the rent due appellant. In an action by appellant against appellee for rent, *held,* it was improper to direct a verdict for appellee, and that the jury should have been permitted to determine whether appellant's promise was original or collateral, and within the statute of frauds.

Appeal from Faulkner Circuit Court; *Thomas C. Trimble,* Judge; reversed.

*Robins & Clark,* for appellant.

1. It was error to direct a verdict. The agreement was not a collateral promise but an original one and not within the statute of frauds. Certainly there was a question of fact for a jury. 79 Ark. 1; 40 *Id.* 429; 124 *Id.* 480; 110 *Id.* 325.

2. Appellee's letter took the case out of the statute, or at least made it a question for the jury. 1 Jones Com. on Ev. (1913), 924.

*P. H. Prince,* for appellee.

The promise was collateral and clearly within the statute of frauds. A verdict was properly directed as no case for a jury was made. Kirby's Digest, § 3654. A verdict was properly directed for appellee.

HART, J. Mrs. M. A. Gillespie sued L. A. Hinson before a justice of the peace in Faulkner County for $85 for rents alleged to be due her on her farm for the year 1915, and $20 damages for holding the farm after the expiration of his term. There was a verdict for the defendant before the justice of the peace and the plaintiff appealed to the circuit court. In the circuit court the case was tried before a jury upon the following facts:

Mrs. Gillespie testified that in the first part of January, 1915, she rented her farm in Faulkner County, Arkansas, for that year to the defendant, Hinson, and that he agreed to pay her the sum of $85 therefor, and owes her that amount.

L. A. Hinson testified for himself and admitted that he had rented Mrs. Gillespie's place in Faulkner County, Arkansas, for the year 1915, for the sum of $85. He stated further, however, that he went to Mrs. Gillespie's house in the city of Argenta, in the early part of January, 1915, to see her about renting her place in Faulkner County; that he was running a small supply store near her place and also owned a small place of his own; that Mrs. Gillespie was anxious to get some one to supply her son Arthur; that she finally agreed that she would rent her place to Hinson for $85 and let the rent stand for supplies that he, Hinson, should furnish to her son Arthur; that pursuant to this arrangement he rented her son his place and furnished him supplies for the year 1915; that there was due him by her son for supplies so furnished, an amount equal to the rent he had agreed to pay Mrs. Gillespie; that sometime in the spring he learned there was some misunderstanding about the terms of their oral agreement and that he wrote Mrs. Gillespie about it; that in reply to his letter, among other things, she stated that she intended for her son

to pay her next fall the amount that Hinson was due her for rent. Other evidence tended to corroborate the statement of the plaintiff.

Mrs. Gillespie and a young son about sixteen years old deny that Mrs. Gillespie had told Hinson that if he would rent his place to her son Arthur and furnish him for the year 1915, that she would let the rent on her place stand for the supplies so furnished him.

Mrs. Gillespie relied upon the statute of frauds to defeat Hinson in his defense to the action. At the conclusion of the testimony the court stated to the jury that even if the testimony of Hinson was true, it was an oral agreement to answer for the debt of another and under the statute of frauds was not binding because it was not in writing. The jury was therefore directed to bring in a verdict for the plaintiff. The defendant has appealed.

We think the learned circuit judge erred in directing a verdict for the plaintiff. In *Brown* v. *Morrow*, 124 Ark. 480, the court held that in determining whether an oral promise is original or collateral, the intention of the parties at the time it was made must be regarded; and in determining such intention the words of the promise, the situation of the parties, and all of the conditions attending the transaction, should be taken into consideration. In the application of this rule to the present case we think it was a question for the jury to determine whether or not the promise of Mrs. Gillespie was an original promise to answer for the debt of her son Arthur. According to the testimony of Hinson she was interested in getting some merchant to furnish him. She agreed to rent her place to Hinson and let the rent stand for supplies for that amount to her son Arthur in consideration that Hinson should rent his place to her son and furnish him supplies. Pursuant to this agreement Hinson rented his own place to Arthur and furnished him with supplies during the year to the amount of the rent he agreed to pay Mrs. Gillespie.

As above stated this state of facts made a question for the jury to determine whether or not the promise of Mrs. Gillespie was an original or a collateral promise.

Therefore the court erred in directing a verdict for the plaintiff and for that error the judgment must be reversed and the cause remanded for a new trial.