**ST. LOUIS, B. & M. RY. CO. v. EVANS.
(No. 7807.)**

Court of Civil Appeals of Texas, San Antonio.
June 15, 1927.

Rehearing Denied July 2, 1927.

**1. Appeal and error ⊕►640—Transcript, in which transcript of original proceedings in justice court does not appear, and which is not indorsed, or does not show who obtained it, need not be considered (Rules for District and County Courts, rules 84, 98, 100; rule 2 for Courts of Civil Appeals).**

Transcript of record which is unindorsed and does not indicate person making application for it, in violation of Rules of District and County Courts, rule 98, and in which tran-

script of original justice court proceedings is not entered, need not be considered on appeal under rules 84 and 100 of district and county courts and rule 2 for Courts of Civil Appeals.

**2. Justices of the peace ⊕►164(5)—County court has no authority to compel alteration or amendment of entries on justice's docket.**

While county court might compel justice of the peace to file correct record of entries on his docket, it has no authority to compel alteration or amendment of such entries.

**3. Appeal and error ⊕►597(1)—Transcript on appeal from county court should include transcript of record in justice's court.**

Transcript of record of justice's court should be made part of transcript on appeal from county court to Court of Civil Appeals.

**4. Justices of the peace ⊕►174(8)—Action against railroad, tried as based on agreement, held not originally brought in justice's court as action for damages.**

In action against railroad on promise to pay for repairs to automobile struck by train, evidence *held* insufficient to show that action originally brought in justice's court was for damages.

**5. Justices of the peace ⊕►119(3)—Defendant's consent to judgment in justice's court is waiver of objection to citation.**

Objection to citation issued out of court of justice of the peace is waived by defendant's agreement to entry of judgment in justice's court.

**6. Justices of the peace ⊕►79—Plaintiff, suing in justice's court, is not bound by statements of citation.**

Plaintiff, in suit in justice's court, is not bound by statements in citation issued by justice.

**7. Frauds, statute of ⊕►23(4)—Railroad's agreement to pay plaintiff cost of repairs on another's automobile struck by train held not promise to pay debt of another.**

Promise of railroad made to plaintiff to pay cost of repairs on another's automobile struck by train *held* not within statute as oral agreement to pay debt of another.

**8. Compromise and settlement ⊕►6(2)—Railroad's promise to plaintiff to pay cost of repairs on another's automobile struck by train held supported by consideration.**

Agreement by which railroad company promised plaintiff to pay cost of repairs on another's automobile struck by train *held* supported by consideration as compromise of claim against railroad company.

Appeal from Hidalgo County Court; A. W. Cameron, Judge.

Action by Marvin Evans against the St. Louis, Brownsville & Mexico Railway Company, instituted in the justice court, and taken to the county court after a judgment entered by agreement. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⊕►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

D. F. Strickland, J. Q. Henry, and J. F. Ewers, all of Mission, for appellant.

Bryce Ferguson, of Pharr, for appellee.

FLY, C. J. [1] The transcript of the record is not indorsed, and there is nothing to indicate who applied for or obtained the transcript. This is in direct violation of rule 98, Rules for District and County Courts. No attorney should receive a transcript made up by the clerk in violation of the rules, unless lie wishes to assume the violation (rule 100), and the clerk of this court has been instructed to not file any transcript not indorsed as required by the rules. This court was compelled in this case to resort to briefs in order to ascertain the style of the case. Rule 2 for Courts of Civil Appeals provides for the clerk filing a transcript, "if it comes to his hands properly indorsed, showing who applied for and to whom it was delivered, if presented within 90 days from the time the appeal or writ of error is perfected." That rule will be enforced by this court hereafter by instructing its clerk to strictly follow it. Rule No. 84, for district and county courts provides that proceedings in the case shall be entered in the order of time in which they occur, and yet, on opening this transcript, this court is greeted by the copy of a citation from a justice's court.

There is nothing in the transcript of the record to indicate that this suit originated in the justice's court, except the citation issued by the justice of the peace and a motion filed by appellant asking the county court to compel the justice of the peace to reform the entries on his docket in said cause and the transcript of same filed therein, "so as to set out the true record of the proceedings of said cause in said justice court; and, if it should appear that the said E. L. Greene is no longer justice of the peace of said precinct, and has no authority to reform said docket and said transcript, that the court order the clerk of this court to reform same."

[2, 3] The transcript of the proceedings in the justice's court does not appear in the transcript, but a transcript from the justice of the peace seems to have been presented as evidence as it is made a part of the statement of facts. In this connection it may not be amiss to say that, while the county court might compel a justice of the peace to file a correct record of the entries on his docket, it would have no authority to compel an alteration or amendment of those entries. The transcript of the record of the justice's court should be made a part of the transcript on appeal from the county court to this court.

While the transcript is in such condition that the court could refuse to consider it, still we have considered it and the briefs, and have arrived at the conclusion that there is no merit in the appeal.

It seems that appellant was cited in the justice's court to answer a claim for damages to an automobile struck by a train. The suit was filed on May 24, 1924. It appears that there was no trial in the justice's court, but on February 25, 1926, nearly two years after the suit was filed, a judgment was rendered that appellee take nothing by his suit, and while the judgment recites that the "court having heard and considered the pleading, the evidence, and argument of counsel," but the justice of the peace swore that he did not remember to have heard any pleadings or evidence, and that "it was my understanding that the parties had agreed to carry this case to the county court, and that they had agreed to have a judgment entered in order to get it there." The judgment was entered by agreement between the attorneys for both parties. Appellee swore that the claim agent for the appellant told him to have the car repaired, and the company would pay for it. The automobile that was damaged was owned by Miss Taylor. Appellee swore that he told the justice of the peace the circumstances, and requested him to institute a suit for the cost of the repairs of the automobile. He was corroborated by Miss Taylor and Otis Pelt.

The transcript of the record of the justice's court shows that the entry of the claim of appellee was for "debt"; the citation showed it was for damages.

[4-6] The first proposition is to the effect that the cause of action was for damages in the justice's court, and was changed to an action for debt based on appellant's agreement. The evidence does not bear out that contention. The evidence is sufficient to show that appellant sued for a debt incurred under an agreement with the claim agent to pay for the repairs on a car damaged by his company. The testimony disposed also of all claims that the action was barred by two years' limitation. Appellant constantly mentions the original petition filed in the justice's court, but the record shows no such document, and, on the other hand, the evidence is that the pleadings were oral in the justice's court. Appellant argues that the claim sued on in the justice's court is based on the citation, but the citation should be based on the claim. The only question that could be raised by the claim set out in the citation would be whether appellant was properly cited, and that has been waived by appellant's agreeing to a judgment in the justice's court. Appellee was not bound by what was stated in the citation.

[7, 8] There is no merit in the third, fourth, and fifth propositions that appellee was seeking to recover on an oral agreement to pay the debt of Miss Taylor. She had no debt, but appellee had the repairs made because appellant authorized him to have the same done. It was the debt of appellant. The agreement was evidently made because appellant's agent thought it was a good compromise of the claim against his company, and

there was sufficient consideration for the agreement. It was not an agreement to pay the debt of Miss Taylor, but an original undertaking with appellee to pay for the repairs on the car. He had the right and authority as claim agent to settle suits that might be about to arise against his company. There is nothing in the record that tends to show a lack of authority on the part of the claim agent to make the promise to pay for the repairs on behalf of the company. The denial of agency was not verified by the affidavit of appellant.

The judgment is affirmed.