## KELL CLEANERS & LAUNDRY v. COMMERCIAL STANDARD INS. CO. et al.

### No. 14814.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 17, 1947.

Rehearing Denied Feb. 21, 1947.

———◆———

H. S. Lattimore and J. O. Terrell Couch, both of Fort Worth, for appellant.

Raymond E. Buck and Harry N. Harris, both of Fort Worth, for appellees.

SPEER, Justice.

Plaintiffs R. L. Kell and two others operating as Kell Cleaners & Laundry sued defendants Commercial Standard Insurance Company, a corporation, and Mr. and Mrs. Carruth Willingham, for damages growing out of an automobile collision.

The petition shows that plaintiffs owned a Chevrolet truck used in collecting and delivering articles for customers patronizing them. That an automobile belonging to the defendant corporation ran into the truck of plaintiffs and seriously damaged it. That the automobile was furnished to defendant Mr. Willingham by the corporation for use as a part of his compensation as Chief Claim Adjuster and head of

the Claim Department of the corporation and was being driven at the time of the accident by Mrs. Willingham; that she was negligent in many named respects. That damages sustained amounted to $574.39 for repairs on plaintiff's truck, its lessened market value of $200.00 after being repaired, loss of use of the truck for 30 days while being repaired, of the reasonable value of $5.00 per day, they having been forced to hire another truck during the time at $5.00 per day, and $24.00 the reasonable expense of reconditioning the articles soiled by reason of the collision, belonging to customers. The total amount of damages claimed is $948.39.

More especially referable to defendant corporation (Commercial Standard) plaintiffs pleaded as follows:

"After said automobile (truck) of plaintiffs was wrecked, the defendant corporation, by its agent, the defendant Willingham, called on plaintiff Mrs. Jung and admitted liability for said accident to plaintiffs' car and agreed to pay the costs of repair of such automobile provided the plaintiffs would allow the Ernest Allen Motor Company to do said repairs, and these plaintiffs, in reliance upon such agreement, did allow Ernest Allen Motor Company to do said repair, whose charges are the prices above set out for such repairs and replacements, and the defendants failed and refused to pay the same and these plaintiffs were compelled to pay such charges in order to get such automobile for their business, and did pay same on or about June 1st, 1945, and the defendant corporation is estopped by virtue of the aforesaid facts to deny its liability to plaintiffs."

Prayer was for judgment against the corporation for the amount of repair and replacements costs and interest thereon from June 1, 1945 and for judgment against defendants Mr. and Mrs. Willingham for each and all of their damages above pleaded, and for general relief.

Defendants, the corporation and the Willinghams, were represented at the trial by the same counsel. They made substantially the same defense in so far as was applicable to each. They pleaded general denial and several special pleas to the effect that Mrs. Willingham was using the car without the knowledge or consent of the corporation; that she was not on a mission for the use and benefit of the corporation; that the corporation never at any time ratified any of her acts. That defendant Willingham or any other officer, director agent or employee of the corporation, at any time ever agreed that either Willingham or the corporation would or should pay for any part of plaintiffs' alleged damages. They specifically denied that there was any agreement in writing or any memorandum thereof signed by any officer, director, agent or employee of the corporation, between the corporation and plaintiffs, agreeing to pay for, to reimburse, to indemnify or do anything with reference to plaintiffs' damages. In another way they denied that the corporation had any kind of an agreement with plaintiffs in connection with the repair of their automobile. They further specially answered that at the time of the accident Mrs. Willingham was driving in a prudent manner and that the driver of plaintiffs' truck carelessly and negligently ran into the corporation car and asserted many means of negligence committed by the driver of the truck proximately causing the collision.

In addition, the corporation defendant specially pleaded that the asserted cause of action against it, as set out in plaintiffs' pleadings, is barred by the provisions of Article 3995, R.C.S. and section 2 thereof, quoting such statutes.

The defendant corporation also specially pled that Willingham was not such an agent or employee of the corporation as could bind it by any agreement or contract that he might make with plaintiffs, as contended for by plaintiffs, and that Willingham's authority as agent of the corporation was to adjust claims with policyholders and claimants against policyholders of insurance with it. The corporation filed a cross action against plaintiffs for damages to its car resulting from the many enumerated items of negligence committed by the driver of plaintiffs' truck.

The corporation defendant further pled that if Willingham had made the agree-

ment with plaintiffs claimed by them and had authority to do so, both of which are denied by it, the performance of such an act would have been without the corporate authority of that defendant, in short would have been ultra vires.

There were no pleadings by the corporation, of fraud or deceit by Willingham, nor mutual mistake of facts between Willingham and the plaintiffs. Nor did it in any way seek a recovery over against Willingham in the event it was cast in the action.

Trial was to the court. There is no statement of facts before us. No findings of fact or conclusions of law were requested, and there are none filed, other than such as appear in the judgment. The court entered judgment for plaintiffs against Carruth Willingham for $554.39 with interest at six per cent, from May 7, 1945. Judgment was denied against defendant Commercial Standard Insurance Company. All parties excepted to the judgment entered and gave notice of appeal but plaintiffs alone have perfected an appeal to this court, from that part of the judgment which denied them a recovery against defendant Commercial Standard Insurance Co.

Plaintiffs below (appellants here) seek a reversal of that part of the judgment in favor of defendant Commercial Standard Insurance Co. and a rendition thereof in their favor. The right to that relief is based upon three points of error. In substance they are: Trial court erred in entering judgment for Commercial Standard Insurance Co., and in failing to render judgment for appellants (plaintiffs) because (a) the trial court held the oral agreement made by it to pay plaintiffs for the repair of plaintiffs' automobile was unenforceable by virtue of the Statute of Frauds, Subdivision (2) Article 3995, R.C.S. (b) That such agreement was unenforceable because ultra vires. (c) Is substantially the same as (a) above except that it is not based upon the Statute of Frauds.

As above pointed out there is no statement of facts nor court findings of fact and conclusions of law except those recited in the judgment. After a recitation of appearances and waiver of jury the court found in his judgment these facts: "Mrs. Willingham, driving a car furnished her husband (defendant Carruth Willingham) by the Commercial Standard Insurance Company for corporate purposes, collided with an automobile belonging to plaintiffs, and that the negligence of Mrs. Willingham was the proximate cause of said collision and that the driver of plaintiffs' car was not negligent, and that damages directly resulting from said collision to plaintiffs is the sum of $554.39, being the cost of repairs to said truck of plaintiffs, and that following the collision the defendant Carruth Willingham, being at that time the manager of the Local Claim Office of defendant Commercial Standard Insurance Company, agreed orally with the plaintiffs that the said Commercial Standard Insurance Company would pay plaintiffs the cost of repairing the plaintiffs' truck, and that on about May 7th, 1945, the repairs on the car were completed and the defendants each and all refused to pay the cost of said repairs, and that the automobile, at the time of the accident in question, was being driven by Mrs. Willingham, wife of defendant Carruth Willingham, on a personal mission and not on business of the Commercial Standard Insurance Company, and the automobile of the plaintiffs was being driven by driver Campbell on partnership business for the plaintiffs, and the court being of the opinion that the oral agreement wherein said defendant Carruth Willingham attempted to bind said Insurance Company to pay said costs of said repairs is unenforceable against said Insurance Company by virtue of Subdivision (2), Article 3995, Texas Revised Statutes of 1925, and that such agreement is ultra vires of the corporate powers of the Insurance Company, and that the above conclusions of law excepted, the facts and the law are otherwise with the plaintiffs. It is therefore ordered adjudged and decreed * * *" etc. The judgment then proceeds to render judgment for plaintiffs against Carruth Willingham for $554.39 with interest. It further provides that all other relief prayed for by the parties to the suit is denied.

We have given this somewhat lengthy statement of the case because we deemed it essential to form the basis of the issues raised.

■ In such cases as this we are required to assume that the facts found by the court are true, but of course we are not bound by the trial court's conclusions of law, predicated on the facts found. The court declares that he finds the facts (as distinguished from his conclusions of law) to be with the plaintiffs.

We are not concerned here with any controversy between plaintiffs and the Willinghams. We must determine whether the oral promise made by Willingham on behalf of the corporation to pay plaintiffs the cost of repair of their truck, if they would have it repaired by the Ernest Allen Motor Company, was rendered unenforceable by virtue of the Statute of Frauds. The provision of law relied upon by the defendant corporation to support the judgment is subdivision two of Article 3995, R.C.S. which, when freely read, means: No action shall be brought on any promise not in writing to charge one person for having orally promised to pay the debt of another.

We have concluded that the promise made in this case does not fall within the provisions of the statute referred to. We observe that after the accident happened, the corporation acting through Willingham admitted liability for the collision and promised plaintiffs it would pay the expense of repairs on the truck if he would take it to the Ernest Allen Motor Company for the repairs; plaintiffs relied upon the promise and took it to the designated company, and that the expense was $554.39. It was alleged by the corporation that Willingham did not have authority to make such a promise, but the court found the facts against that contention. As we view the situation, this became the original and primary obligation of the corporation. The promise to pay made by the representative of the corporation did not have a semblance of a guaranty or indemnity as against failure of payment by some other person. Apparently the only condition was that plaintiffs permit the named motor company to do the work; this was complied with by plaintiffs. We need not speculate on why the designated company should do the work.

■ The fact that one person, for a consideration, orally promises to pay or assumes to pay a pre-existing debt of another for which such other person is liable, does not bring such oral promise and obligation within the Statute of Frauds. This for the reason it becomes the primary promise and obligation of the one who promises and is not·one to indemnify another against the failure of some other person to pay.

In Bank of Garvin v. Freeman, 107 Tex. 523, 181 S.W. 187·it was held that when Freeman, for a consideration orally assumed the payment of a then existing note by a lumber company, it became his original and primary obligation and he could not defeat payment of the note under the provisions of the Statute of Frauds.

In a Commission of Appeals case approved by the Supreme Court, Bain v. Lovejoy, Tex.Com.App., 234 S.W. 1096, 1098, it was said: "The validity of a parol assumption of and promise for a valuable consideration to pay the debt of another has been uniformly upheld by the Supreme Court, and is the settled law of this state." Citing several cases. To the same effect is the holding in Garza et al. v. Milmo National Bank, Tex.Com.App., 280 S.W. 548; Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.2d 748; Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.2d 1.

■ It is obvious to us that there was sufficient consideration for the oral promise by defendant corporation acting through Willingham. From the record before us no doubt plaintiffs and Willingham (acting for the corporation) each contended the other was to blame for the collision; we say this because each subsequently filed actions against the other for recovery, and the corporation did not seek to recover over against Willingham in any event; then too, for some reason known best to the corporation, as a prerequisite to its promise to pay for repairs, plaintiffs were required to let Ernest Allen Motor

Co. do the repair work. It is not alleged by plaintiffs that this was a "compromise" settlement, but in any event with the lights before it at the time it made the promise to pay, its promise to pay for the repairs alone, and not any depreciated value the truck might have after being repaired, the loss of the use of the truck by plaintiffs during the time it was being repaired and damages to articles of customers, gave it an advantage to that extent by merely paying for repairs on the truck. It is easy to perceive that the corporation would feel that it was better to make such a settlement rather than risk having to pay all items of damages claimed by plaintiffs. St. Louis B. & M. Ry. Co. v. Evans, Tex. Civ.App. 297 S.W. 532. People's Ice Co. v. Glenn, Tex.Civ.App., 8 S.W.2d 735, involved a "compromise settlement" between parties but the issue of consideration for the settlement became a material factor. The court quoted with approval the rule announced in Camoron v. Thurmond, 56 Tex. 22, where it was held that an agreement entered into on a supposition of right or of a doubtful right, is binding, and carries with it a sufficient consideration for the agreement of payment.

■ Second point complains because the court held, under the facts found, that the promise to pay plaintiffs' claim was ultra vires. If we are correct in holding that the corporation could bind itself by making the promise to pay the repairs on the truck as pointed out above, then assuredly such a promise was not outside its authority under its charter as a corporation. Article 1320, R.C.S., Vernon's Ann.Civ.St. art. 1320, provides among other things that a corporation may " * * * maintain and defend judicial proceedings" and "enter into any obligation or contract essential to the transaction of its authorized business." We construe this to mean that a corporation would not be required to wait until a suit had been filed before paying or promising to pay an obligation, nor that, if those clothed with power to speak for it, deem it to the interest of the corporation to compromise or settle out of court a claim against it, such act or acts would be without the powers conferred upon it by law. It is elemental that a corporation can act and speak only through its officers and agents clothed with power to speak and act for it. Analogous in some respects to the case before us, referable to ultra vires contracts, is the holding in Religious Films, Inc., v. Potts, Tex.Civ. App., 197 S.W.2d 592. We conclude that the obligation of the defendant corporation made by its agent under the circumstances of this case was not ultra vires.

Irrespective of the disposition made of the controversy between plaintiffs and the Willinghams, with the facts found by the court to have been established, he should have entered judgment for plaintiffs against Commercial Standard Insurance Company on its promise to pay for repairs of the truck, found to be $554.39.

■ For the reasons stated, and under Lockhart, Treasurer, v. A. W. Snyder & Co., 139 Tex. 411, 163 S.W.2d 385, we reverse the judgment of the trial court wherein recovery against the corporation was denied and render the judgment that should have been rendered by the trial court, so that plaintiffs have judgment against Commercial Standard Insurance Company for $554.39 with interest thereon at the rate of six per cent. per annum from June 1, 1945, and all costs. The full satisfaction of either of said judgments shall have the effect of discharging both judgments, since appellants should not, in any event, have and recover double damages in this cause. Of course the judgment against Carruth Willingham is not before us in this appeal and we make no order concerning it other than that above mentioned.