## HACKER v. WHITNEY DAM LUMBER & CONSTRUCTION CO.

### No. 2878.

Court of Civil Appeals of Texas. Waco.

Nov. 15, 1949.

Rehearing Denied Dec. 15, 1949.

Biggers, Baker & Lloyd, Dallas, for appellant.

Conway & Scharff, Waco, for appellee.

HALE, Justice.

Appellee recovered a personal judgment in the court below against Guy L. Hacker, Herb M. Walden, Andrew W. Jackson and Leonard Conley, jointly and severally, for the sum of $2591.68 due it on account of lumber and materials furnished in the construction of six tourist cabins, together with a foreclosure of its materialman's lien against the premises upon which the cabins were erected. Guy L. Hacker alone has appealed. The principal question presented on the appeal is whether the oral agreement on behalf of appellant to pay appellee for the lumber and materials so furnished constituted a promise on his part to answer for the debt, default or miscarriage of another within the purview and meaning of Art. 3995 of Vernon's Tex.Civ. Stats., commonly known as the Statute of Frauds.

The undisputed evidence adduced upon the trial of the case shows that on August 1, 1947, appellant entered into a written partnership agreement with Walden and Jackson. The prime purpose of this partnership enterprise was to construct and operate certain sleeping quarters for men working on the Whitney Dam near Whitney, Texas. In pursuance of that purpose

Hacker, Walden and Jackson, hereafter referred to as owners, entered into a written contract with Leonard Conley and Joseph Michals, a partnership doing business under the firm name of C. & M. Construction Company, hereafter referred to as contractors, whereby the latter agreed to construct the sleeping quarters contemplated by the former. This construction contract was dated December 1, 1947, and provided in substance that the contractors would erect the six tourist cabins for the owners at a unit cost of $2645.75 each.

The contractors entered upon the performance of the construction contract in due time and in carrying out the same they purchased various quantities of lumber and materials from appellee. However, during the latter part of March in 1948, and before the project was completed, the contractors became involved in financial difficulties to such extent that they were unable to pay their bills. At that time they owed appellee $108.97 which they could not pay. Thereupon, appellee declined to extend them any further credit and refused to deliver any more materials for the completion of the job and so advised the owners. The contractors could not secure credit from any other source. Walden was the managing partner on the ground at Whitney for the owners. He advised appellee that the owners were anxious to have the cabins completed under the construction contract and that the owners then had on hand ample funds owing and to become owing to the contractors under the construction contract with which to pay for all labor and materials necessary to complete the job. On April 1, 1948, Walden proposed verbally to appellee, with the approval of the contractors, that if appellee would resume the furnishing of materials to the contractors and furnish to them such materials as were necessary to enable them to complete the construction contract the owners would hold the moneys then in their hands owing and to become owing to the contractors until the completion of the job and upon the completion thereof the owners would pay appellee directly from the funds so withheld for the materials furnished to the contractors. Appel-

lee relied upon the representations so made by Walden, accepted his offer on behalf of the owners and thereafter furnished materials necessary to complete the job, such materials being of the value of $2591.68.

Appellant says the court below erred in rendering a personal judgment against him because (1) the oral promise or agreement relied upon by appellee as a basis for such judgment comes within the Statute of Frauds and (2) it was not shown that Walden had the right or authority to bind him personally by such promise or agreement.

In passing upon whether or not an oral promise or agreement of a property owner to pay for materials furnished to a contractor constitutes a promise to answer for the debt, default or miscarriage of another within the meaning of the Statute of Frauds it is proper for the courts to consider the circumstances surrounding the transaction out of which such promise or agreement arises. Pertinent thereto it is said in 99 A.L.R., p. 93: "While, as in all cases involving promises by an owner or other interested person to pay for work or labor to be furnished to a contractor, the circumstances of the transaction are an all-important consideration, the courts seem inclined to hold that where the promise is confined to payment out of funds in the promisor's hands owing to the contractor, it is not within the Statute of Frauds." Among the many cases cited in support of the foregoing pronouncement are: Tallapoosa County Bank v. Kreis, 5 Cir., 45 F.2d 382; Bates v. Birmingham Paint & Glass Co., 143 Ala. 198, 38 So. 845; Lackland v. Turner, 207 Ala. 73, 91 So. 877; Brown v. Morrow, 124 Ark. 480, 187 S.W. 449; Stoelker v. Chicago Bldg. Supply Co., 22 Ill.App. 625; Delta Lumber Co. v. Wall, 119 Miss. 350, 80 So. 782; McKeenan v. Thissel, 33 Me. 368; Raabe v. Squier, 148 N.Y. 81, 42 N.E. 516; Hiltz v. Scully, 1 Cin.Sup.Ct.Rep. 555; Atkinson v. Jackson Bros., Tex.Civ.App., 259 S.W. 280. In the Texas case cited the court expressly held that where the oral promise or contract of an owner is to pay for materials furnished to a contractor out of funds owing or to become owing to the contrac-

tor, such promise or contract is based upon a valid consideration and does not come within the Statute of Frauds.

 After due consideration of the entire record before us we have concluded that the oral agreement relied upon by appellee as a basis for its asserted right to a personal judgment against appellant evidenced an original as distinguished from a collateral obligation or undertaking on the part of appellant and his partners, that the same was supported by a valid consideration and that it did not come within the Statute of Frauds. Pacific Can Co. v. Hewes, 9 Cir., 95 F.2d 42; Lemmon v. Box, 20 Tex. 329; Pool v. Sanford, 52 Tex. 621; Turnbow Lumber Co. v. Eastham, Tex.Civ. App., 221 S.W. 667; Atkinson v. Jackson Bros., Tex.Civ.App., 259 S.W. 280; Kollatt v. Clements, Tex.Civ.App., 3 S.W.2d 855 (er. dis.); Kell Cleaners & Laundry v. Commercial Standard Ins. Co., Tex.Civ. App., 199 S.W.2d 673, pt. 2 (er. ref. n.r.e.) and authorities.

 We are also of the opinion that Walden was duly authorized to bind appellant personally by the oral agreement which he made with appellee. Not only was Walden shown to be the managing partner on the ground at Whitney with authority to supervise the business activities of the partnership being carried on at that location, but the evidence also shows that appellant was a practicing physician at Dallas where he devoted his time and attention to the pursuit of his professional duties. Moreover, the written partnership agreement expressly provided that the funds belonging to the partnership were to be kept on deposit with certain banks at Dallas and Whitney, respectively, and that such funds were to be subject to withdrawal by Walden. Hence, we think the agreement which Walden made with appellee was clearly within the scope of his authority as the managing partner of the enterprise out of which the agreement arose and that such agreement was binding upon appellant as a member of the partnership. Craig v. Dunlap, Tex.Civ.App., 267 S.W. 1007 (er. dis.); Mitchell v. City Nat. Bank of Wichita Falls, Tex.Civ.App., 14 S.W.2d 909; Robichaux v. Bordages, Tex.Civ. App., 48 S.W.2d 698 (er. ref.).

 This case was tried before a jury. Upon the conclusion of the evidence appellee presented its motion for a peremptory instruction but the same was overruled and eight special issues were submitted to the jury. Each of these issues was answered in favor of appellee. By various points in his brief, appellant says the trial court erred in submitting each issue in the manner and form in which each was submitted. Although we do not agree with any of these contentions we shall not discuss them because, in our opinion, under the undisputed evidence the court should have granted the motion of appellee for an instructed verdict and therefore the alleged errors, if any, as to the manner and form in which the issues were submitted are immaterial to this appeal. Southern Old Line Life Ins. Co. v. Mims, Tex.Civ.App., 101 S.W. 2d 396, pt. 7 (er. dis.).

Finding no reversible error in the record, all of appellant's points are overruled and the judgment of the court below is affirmed.