MARY KOZLOSKI, ADMINISTRATRIX, RESPONDENT. v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

Submitted July 5, 1920—Decided February 28, 1921.

The failure to pay the premiums on a life insurance policy within the time allowed by the lapsing clause will or will not create a forfeiture at the option of the insurer; in other words, the company may take advantage of the provisions and declare a forfeiture, or it may waive the forfeiture and receive payments of the past-due premiums after the expiration of the time provided in the policy. If the latter course is adopted, the policy is revived. And this is so where the payments are received after the death of the insured in ignorance of the fact of death, when the insurer, after it learned what the real situation was, does not return such payments.

On appeal from the Union County Circuit Court.

For the appellant, *Martin P. O'Connor.*

For the respondent, *Stamler & Stamler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This is an action brought on two life insurance policies, for $500 each, issued by the appellant company upon the life of respondent's decedent, Adam Kozloski.  Both policies were issued in the year 1918, one in June and the other in November.  Each one of them called for the payment of a weekly premium amounting to forty-two cents, and contained a provision that should the insured die while the premium on the policy was in arrears for a period not exceeding four weeks, the company would pay the amount of insurance provided therein, but that after the expiration of the said period of grace the company's liability on the policy should cease, and the policy should lapse.  Adam Kozloski died on the 29th of July, 1919, and on August 6th a claim for the payment of the insurance provided by each of these policies was presented to the company, but was repudiated on the ground that the premiums called for by each of them were overdue more than four weeks, and that they had therefore lapsed.  The present respondent thereupon instituted this action, and the only defence set up in the answer was that the policies had lapsed because of the non-payment of premiums at the time called for therein or within four weeks thereafter.

The proofs offered at the trial in support of the respondent's claim showed that on the day of her husband's death, and on the 4th day of August following, she had made payments to the agent of the company of sums of money sufficient to satisfy the premiums which had accrued and which remained unpaid at the time of the death of her husband; that these payments were received by the company's agent and had never since been returned to her by the company. The appellant submitted evidence proving that each one of

the premiums for which these payments were made was not only overdue, but that the four weeks of grace which the policies allowed thereon had already expired when the company's agent received the moneys; and that this agent had no authority to waive the lapsing clause of the policies.

At the close of the respondent's case a motion to nonsuit was made and denied, and when the testimony on both sides was closed a motion to direct a verdict in favor of the appellant was also denied. The jury returned a verdict in favor of the respondent. From the judgment entered thereon the present appeal is taken.

Only two grounds of appeal are urged before us—(1) that the motion for nonsuit was improperly refused; (2) that the court should have directed a verdict at the request of the appellant. Both grounds of appeal are rested upon the proposition that, by reason of the failure of the respondent's decedent, or anybody in his behalf, to pay the premium before the expiration of the last week of grace, the policies became null and void. In our opinion, the contention rests upon a misapprehension of the effect of the lapsing clause in the policies. It provides for a forfeiture, but it is not self-operative. The failure to pay the premiums within the time allowed will or will not create a forfeiture at the option of the insurer; in other words, the company may take advantage of the provision and declare a forfeiture, or it may waive the forfeiture and receive payments of the past-due premiums after the expiration of the time provided in the policy. If the latter course is adopted the policy is revived and continues to be a valid and outstanding obligation against the insurer. It may be conceded, as is argued by counsel, that the proofs in the case conclusively show that the payments made on and after the death of respondent's decedent were received in ignorance of the fact of that death. But in this situation the company had the option when it learned what the real situation was, of returning the premiums so received and declaring the policy void, or it might, if it saw fit, waive that right and retain the premiums which were received by it. By following the latter

course it elected to keep the policies in force. And this is so, notwithstanding that the company did not formally notify the representative of the insured how it had exercised its option. Its action expressed its intention as fully and completely as could have been done by verbal or written statement. That is to say, it could not declare the policy to be void, and at the same time retain moneys paid to it on account of the insured, and to which it had no legal right, except upon the theory that the policy was in full force and virtue. This is the underlying principle upon which the decision in *Melick* v. *Metropolitan Life Insurance Co.*, 84 *N. J. L.* 437; *affirmed*, 85 *Id.* 727, is rested.

The motions to nonsuit and to direct a verdict were each of them properly refused and the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.