MASSACHUSETTS ACCIDENT COMPANY, a corporation, complainant-respondent,

*v.*

PETER STONE, defendant-appellant.

[Argued October 26th, 1939. Decided January 25th, 1940.]

*Messrs. McCarter & English, Mr. Arthur F. Egner* and *Mr. Meyer E. Ruback,* for the defendant-appellant.

*Mr. Herman E. Dultz,* for the complainant-respondent.

The opinion of the court was delivered by

WOLFSKEIL, J.

This appeal is from a decree of the Court of Chancery cancelling a health and disability policy issued by complainant-respondent to defendant-appellant, and directing repayment to the insurer of moneys paid by it to the insured, the basis for the cancellation being the omission by the insured to set forth in the application accompanying the policy more complete information concerning his state of health and medical treatment furnished to him.

Prior to 1916 appellant was a member of the National Guard and in that year participated in the Mexican border difficulty. In 1917 he was a captain in the World War, served actively overseas, and upon being mustered out in June, 1919, resumed the practice of law to which he had been admitted in 1911. After leaving the army he consulted physicians as to ailments with which he then conceived himself to be afflicted, and in 1920 applied to the veterans bureau for disability compensation, but this was disallowed upon the finding of the examining physicians, who, in substance, reported him to be in good health with only a temporary and partial disability of one per cent.

The policy in question was issued to appellant in 1925. Subsequently in 1927, illness having intervened, a demand for indemnity from the insurer was settled after some controversy, for a stipulated sum, and a release given for all

moneys claimed to be due up to that time. Thereafter also the application to the veterans bureau for disability compensation was renewed, and this time approved on June 24th, 1929. The testimony at the hearing in the Court of Chancery disclosed that appellant is now suffering from a cancerous condition which is probably incurable.

The court below grounded its decree upon the single determination that appellant had not given an adequate response to this question in the application:

"Have you within the past ten years had medical or surgical advice or treatment or any departure from good health? If so, state particulars."

In reply to this, he said that about two years before he had an infected foot, and gave the name of the attending physician. Other medical consultations which appellant had sought when he considered himself ill, not having been set forth in the answer to the specific question in the application, the learned vice-chancellor deemed them to be facts material to the risk according to the principle enunciated in *United Life, &c., Insurance Co.* v. *Winnick, 113 N. J. Eq. 288; Equitable Life Assurance Society* v. *Gutowski, 119 N. J. Eq. 181,* and advised the cancellation of the policy and the return by the insured of moneys paid to him.

We are of the opinion that the failure of the insured to enlarge his response to this particular question in the application for the insurance does not supply a sufficient reason for cancellation of the policy. No connection is established between his present cancerous condition and the ills, fancied or real, which occasioned his prior recourse to physicians, and upon which the contention of complainant rests. Though conscious fraud was charged, the court below made no confirmatory adjudication in that respect. The appellant was unquestionably apprehensive as to his health after his discharge from the army. But there is nevertheless testimony upon which a conclusion can be properly based that when he applied for the policy he felt re-assured by the reports of the physicians as to his physical condition. It is deducible that when he sought medical advice earlier, most of his symptoms could have been merely a neurotic result of the stress imposed

by war conditions, for there then ensued a long period during which he attended to his practice and engaged in various activities and recreations in a normal manner.

The question in the application implies a strict interpretation, so that there was no compulsion upon the appellant to be discursive, and the single response he made constituted a literal compliance. *Henn* v. *Metropolitan Life Insurance Co., 67 N. J. Law 310; Hanrahan* v. *Metropolitan Life Insurance Co., 72 N. J. Law 504.*

Another salient element is the release given by appellant to the complainant company, and in possession of complainant since its execution in 1927. The release marked the disposition of a contention between the parties concerning the amount then payable under the disability provisions of the policy. Its purport was to release the company from all claims accruing under the policy up to the time of the release, leaving the deduction that the efficacy of the policy was retained for such rights as might inure to the appellant subsequent to that time. The giving and acceptance of this release, coupled with evidence, though controverted, that the full medical history of appellant was rendered available to complainant, considered in connection with complainant's continuance of the policy through acceptance of premiums, supports the conclusion of a recognition or ratification of the policy which the company could not afterwards disaffirm. *Kozloski* v. *Prudential Insurance Co., 95 N. J. Law 101; Melick* v. *Metropolitan Life Insurance Co., 84 N. J. Law 437; affirmed, 85 N. J. Law 727.*

The decree of the Court of Chancery directing cancellation of the policy and the refund of moneys paid by complainant to the insured is accordingly reversed.

*For affirmance*—TRENCHARD, CASE, DONGES, WELLS, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 10.