FRANK J. FARRELL, PLAINTIFF-APPELLANT, v. NATIONAL ACCIDENT AND HEALTH INSURANCE COMPANY OF PHILADELPHIA, A CORPORATION, DEFENDANT-RE-SPONDENT.

Argued February 5, 1946—Decided May 3, 1946.

For the appellant, *Cox & Walburg* (*William H. D. Cox, of counsel*).

For the respondent, *Pomerehne, Laible & Kautz* (*Henry Pomerehne,* of counsel).

PER CURIAM.

The judgment under review is affirmed, for the reasons expressed in the opinion of Circuit Court Judge Oliphant, supplemented as follows:

The acceptance by the company on August 28th, 1941, of $2.10 covering the August premium which was payable in advance, reinstated the policy for the month of August, but under the terms of the policy gave no coverage for accidental injury sustained while the policy was in default, and gave no coverage for sickness which began while the policy was in default or within ten days thereafter. By choosing reinstatement of the old policy instead of issuance of a new policy, the plaintiff saved the $5 issuance fee charged on a new policy and received greater coverage, because the policy provides "* * * but the Company will pay only one-half of these several indemnities, as hereinafter promised, for any loss resulting from injury sustained or sickness contracted prior to the payment of the premium required for the first three months insurance hereunder."

PERSKIE, J. (Dissenting.) I vote to reverse because in my view the affirmance by the majority on the opinion below plus the supplemental observation of this court, are based

upon the erroneous theory that an insurer may accept, retain and use the premium paid for and during a defaulting period and then deny liability. Such a theory runs counter to elementary concepts of justice. For, it permits the insurer to enjoy both the penny and the cake. The insurer may not in one breath say the policy was not in full force and effect during the defaulting period (August 1st to August 28th, 1941), and in the same breath say that it is, nonetheless, its right to retain and use the premium paid to it covering the defaulting period. The insurer's legal right to accept, retain and use the premium paid to it, can only be sustained upon the theory that the policy was in full force and effect during the aforestated period of default. *Cf. Kosloski* v. *Prudential Insurance Co.,* 95 *N. J. L.* 101, 104; 113 *Atl. Rep.* 135; *Melick* v. *Metropolitan Life Insurance Co.,* 84 *N. J. L.* 437; 87 *Atl. Rep.* 75; *affirmed,* 85 *N. J. L.* 727; 91 *Atl. Rep.* 1070. I think that the policy was in full force and effect.

When the insurer ascertained, after August 1st, 1941, that the insured suffered an accident, it could have offered, as pointed out for the insured, (1) to retain the premium for the defaulting period, or (2) it could have applied the premium for the period from August 28th, 1941, to October 28th, 1941, or (3) it could have continued to retain the premium and cover the accident. It chose the third alternative and credited the insured for the months of August and September, 1941. Thus the insurer treated its policy as if it were in full force and effect. It may not now avoid its liability.

The added clause of the policy, relied upon by the majority, in nowise mitigates the insurer's liability. That clause is part of the entire policy and the insured was entitled to the full benefits thereof. It beggars understanding how the stated saving of $5 to the insured can compensate him for the sum of $1,950 which is concededly due him, if the insurer is liable. No reference is made to this clause relied upon by the majority in the brief for the insurer. It was suggested during the argument of the cause. It was purely an afterthought. At all events, it lacks substance.

I think that, in the stated circumstances, the policy was in

full force and effect during the period in question and therefore the insurer is liable.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, WELLS, DILL, McGEEHAN, JJ. 9.

*For reversal*—PERSKIE, RAFFERTY, JJ. 2.