10 N.J. Super. 291 (1950)
77 A.2d 51
HYMAN I. GOLDSTEIN, PLAINTIFF,
v.
METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 9, 1950.
*292 Mr. Meyer L. Sakin, for the plaintiff.
Mr. William G. Freeman, for the defendant (Messrs. Starr, Summerill & Davis, attorneys).
DONGES, A.J.S.C.
The plaintiff is a physician and a member of the Rudolph Virchow Medical Society of the City of New York. On June 15, 1946, he made application for group insurance and a policy was issued to him. He informed the defendant's agent of his physical condition at the time of the application and was assured he was eligible under the group plan.
On November 22, 1948, plaintiff sustained bodily injury as a result of an accident and became incapacitated for 18 weeks, and under the terms of the policy he became entitled to $900, at the rate of $50 per week. Plaintiff filed the necessary forms and received $150 for three weeks. Defendant refused to make further payments. Plaintiff had paid premiums from June 15, 1946, until December 3, 1949, when the defendant *293 returned a tendered premium. Plaintiff sues for the $750, alleged to be due him under the policy.
Defendant contends that plaintiff was not regularly attending all the duties of his profession on June 15, 1946, as required by the policy, and is, therefore, not entitled to benefits. The following questions and answers appear in the application for insurance:
Question No. 9: "Have you been disabled by either accident or illness or received medical attention during the past five years?"
Answer: "Yes, coronary attacks Nov. 1944; May 1945, coronary thrombosis and infarction."
Question No. 11: "Are you now in sound condition physically and mentally?"
Answer: "(coronary) **"
Question No. 12: "Do you understand that this application is subject to acceptance by The Metropolitan Casualty Insurance Company, of New York, and that the insurance hereby applied for will not be effective unless you are regularly attending all of the usual duties of your occupation on the countersignature date of the policy?"
Answer: "**"
The two asterisks (**) in No. 12 refer to the answer to question No. 9.
The question presented for determination is whether the defendant waived strict adherence to the terms of its policy by issuing the policy to plaintiff and by accepting premiums thereon.
It is now claimed by the defendant that the plaintiff made a misrepresentation by not fully answering question No. 12 of the application. It must be conceded at the outset that had plaintiff falsely answered questions in the application, the company would have had the right to declare the policy void and thereby avoid liability in this case. However, there is no question that a condition in the nature of a representation or warranty may be waived by the insurer. Such provisions are placed in the policy for the benefit of the insurer and as such may be waived. Graham v. Security Mut. Life Ins. Co., 72 N.J.L. 298, 62 A. 681 (E. & A. 1905). In order to establish a waiver or even an estoppel, it must be shown that the insurer did some act after having knowledge *294 of the breach of warranty or condition. Generally speaking, the issuance of a policy, with knowledge of the facts upon which its validity may be disputed, is a waiver of a breach of warranty or condition. It is likewise a waiver if the insurer accepts premiums with knowledge of the breach of warranty or condition. Mass. Acc. Co. v. Stone, 127 N.J. Eq. 97, 11 A.2d 71 (E. & A. 1940); Kozloski v. Prudential Ins. Co. of Am., 95 N.J.L. 101, 113 A. 135 (E. & A. 1921).
The question then is: Did plaintiff's answers to questions in the application sufficiently apprise defendant that he was not regularly attending all the duties of his profession on the date the policy was issued? I feel, after considering the application for insurance, the testimony offered, and briefs of counsel, that the defendant was fully apprised of plaintiff's incapacity to perform all his duties, and that the defendant waived said requirement by the issuance of the policy and by the acceptance of premiums from June 15, 1946, until December 3, 1949. Furthermore, if the defendant was not fully satisfied with the answer given, a duty was imposed upon it to secure further particulars, for surely it can not contend at this late date that it was not aware that something was not as the company desired it. See 3 Cyclopedia of Insurance Law, Couch, § 778, p. 2526. Carson v. Jersey City Ins. Co., 43 N.J.L. 300 (Sup. Ct. 1881); affirmed, 44 N.J.L. 210 (E. & A. 1882).
In this connection, it must also be noted that the plaintiff fully informed defendant's agent (a Mr. Robert Gerling), who solicited the business, just what plaintiff's physical condition was at that time. Plaintiff was then informed that he nevertheless was eligible. Neither the agent nor anyone else was produced as a witness to dispute this conversation. Although this, of course, is not conclusive evidence of defendant's knowledge of plaintiff's inability to perform his regular duties, it lends support and weight to the other evidence submitted on this point.
A judgment will be entered in favor of plaintiff and against defendant in the sum of $750, plus interest.